## LOPER v CASCADE TOWNSHIP

Docket No. 71154. Submitted December 13, 1983, at Grand Rapids.—
Decided June 4, 1984.

Calvin Loper, a volunteer fire fighter for Cascade Township, drowned while taking a certification test as part of a scuba diving course he and several other volunteer fire fighters were taking so that they might be better able to respond to water emergencies. Norene Loper, Calvin's widow, filed a petition for workers' compensation death benefits. A hearing officer awarded benefits and the Workers' Compensation Appeal Board affirmed, finding that Calvin Loper was acting in the scope of his employment as a volunteer fire fighter at the time of his death. Cascade Township and Auto-Owners Insurance Company, the township's workers' compensation carrier, applied for leave to appeal to the Court of Appeals. Leave was denied. Cascade and Auto-Owners then applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, 417 Mich 969 (1983). *Held:*

1. The decision of the Workers' Compensation Appeal Board provides a sufficiently detailed basis to allow effective appellate review and complies in all respects with the statute and case law governing review by the appeal board of an award of workers' compensation benefits.

2. The WCAB did not err in applying the standard of whether Calvin Loper's death arose out of and in the course of his employment as a volunteer fire fighter, rather than the standard of whether Calvin Loper died in the performance of his duties as a volunteer fire fighter, as urged by Cascade and Auto-Owners.

3. The WCAB's findings of fact are supported by competent evidence in the record.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 613 *et seq.*

[2] 5 Am Jur 2d, Appeal and Error §§ 545, 566.

[3] 81 Am Jur 2d, Workmen's Compensation § 28.

[4] 81 Am Jur 2d, Workmen's Compensation § 180.

1. WORKERS' COMPENSATION — APPEAL.

> The Court of Appeals is charged in reviewing decisions of the Workers' Compensation Appeal Board with the responsibilities of reviewing questions of law, determining whether there is any fraud, and deciding whether there is any competent evidence in the record to support the findings of fact made by the board (MCL 418.861; MSA 17.237[861]).

2. APPEAL — PRESERVING QUESTION — ISSUES RAISED FOR FIRST TIME ON APPEAL.

> The rule that the Court of Appeals will not ordinarily consider an issue raised for the first time on appeal is not inflexible and will not be applied where consideration of the issue is necessary to a proper determination of the case or where the issue is one of law concerning which the necessary facts have been presented.

3. WORKERS' COMPENSATION — JUDICIAL CONSTRUCTION.

> The Worker's Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee.

4. WORKERS' COMPENSATION — VOLUNTEER FIRE FIGHTERS.

> The Legislature did not intend to require volunteer fire fighters to meet a different standard for proving entitlement to workers' compensation benefits by its use of the language "injured in the performance of duties" in the provision of the act applying specifically to members of volunteer fire departments rather than the "arising out of and in the course of employment" language applicable to ordinary employees; the use of the "in the performance of duties" language was in recognition of the fact that volunteer fire fighters have not traditionally been considered "employees" and it would be incongruous to refer to injuries arising out of and in the course of employment (MCL 418.161[1][a], 418.301[1]; MSA 17.237[161][1][a]; 17.237[301][1]).

*Ryan, Boerema, Jarosz & Kail* (by *Thomas A. Ryan)*, for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block)*, for defendants.

Before: D. E. Holbrook, Jr., P.J., and Bronson and R. L. Tahvonen,* JJ.

R. L. Tahvonen, J. Defendants appeal from the July 17, 1981, decision of the Workers' Compensation Appeal Board (WCAB) affirming the award of death benefits to plaintiff, Norene Loper.

Decedent, Calvin Loper, had been a volunteer fire fighter for defendant Cascade Township for over ten years. Following an incident in which a boy drowned, decedent and several other Cascade Township volunteer fire fighters enrolled in a scuba diving course so that they might, in the future, be better able to respond to water emergencies. On September 20, 1975, decedent accidentally drowned while taking a certification test as part of that course.

On May 11, 1976, Norene Loper filed a petition for workers' compensation death benefits. The hearing officer awarded benefits and the WCAB affirmed. Defendants' application for leave to appeal to this Court was denied on May 17, 1982. On April 26, 1983, the Supreme Court remanded the case to this Court for consideration as on leave granted. 417 Mich 969 (1983).

I

The findings and conclusions of the WCAB are set forth below:

"It was unrebutted that the idea of a scuba diving class first surfaced when decedent was called, as a volunteer fireman working for defendant, to a gravel pit where a boy had drowned. The firemen talked between themselves that it would be a good thing for the township and they could be of better service if they were

* Circuit judge, sitting on the Court of Appeals by assignment.

certified scuba divers. Defendant admitted, at oral argument, that the subject was discussed at one of the business meetings of the fire department. The so-called volunteers were reimbursed at the rate of six dollars an hour for fighting fires and each monthly business meeting. The fire chief testified he asked decedent if he were interested in taking the course, when decedent had dropped by the firehouse on a visit. The fire chief further indicated volunteers were not paid for taking the course but said he told the men that, if there was any money available at the end of the fiscal year, he would see if he could get them reimbursed. The fire chief stated he made monthly reports to the township council on the progress of the firemen taking the course. He admitted, as did the township manager, that the fire department and the township would be better served as a result of the men taking the scuba diving course.

"Defendant frames the issue on appeal, that at the time of Mr. Loper's death, 'was he in the performance of his duties as a member of the volunteer fire department for Cascade Township?'

"We answer in the affirmative. The idea was conceived while the volunteers were in the course of an unsuccessful attempt to rescue a drowning boy. The idea was further discussed during a business meeting of the volunteers and firemen of Cascade Township. Decedent was asked by the chief of Cascade Township Fire Department if he wanted to take the course. Progress reports were made to the township board regarding the men taking the course. Both the chief and a township official agreed that the fire department was better equipped to serve and the township was better off as a result of the firemen taking the course.

"We find plaintiff has sustained her claim that decedent was acting in the scope of his employment as a volunteer fireman working for defendant at the time of his death, by a great preponderance of the evidence. The above facts far outweigh defendant's argument that the township board did not directly seek out each volunteer and ask them to take the course. It remains undisputed that, acting in his official capacity, the fire chief did ask decedent to take the course."

## II

We disagree with defendants' contention that the WCAB's decision fails to comport with the requirements of MCL 418.859; MSA 17.237(859). We find that the decision does provide a sufficiently detailed basis to allow effective appellate review and complies in all respects with the statute and *Nunn v George A Cantrick Co, Inc,* 113 Mich App 486; 317 NW2d 331 (1982).

## III

This Court's review of a WCAB decision is very limited:

"We are charged with the responsibilities of reviewing questions of law, determining whether there is any fraud, and deciding whether there is any competent evidence in the record to support the findings of fact made by the appeal board. MCL 418.861; MSA 17.237(861), *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978)." *Fuchs v General Motors Corp,* 118 Mich App 547, 552; 325 NW2d 489 (1982), *lv den* 417 Mich 1077 (1983).

Defendants seek review of a question of law, namely, whether the WCAB applied an incorrect standard in awarding benefits.

MCL 418.161; MSA 17.237(161) provides in part:

"(1) As used in this act, 'employee' means:

"(a) * * * Members of a volunteer fire department of a city, village, or township shall be considered to be employees of the city, village, or township, and entitled to all the benefits of this act when personally injured in the performance of duties as members of the volunteer fire department."

MCL 418.301; MSA 17.237(301) states in part:

"(1) An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act. In the case of death resulting from the personal injury to the employee, compensation shall be paid to the employee's dependents as provided in this act."

Defendants argue that this case is controlled by the "in the performance of duties" language in § 161 which, according to defendants, is a much narrower standard than the "arising out of and in the course of employment" standard in § 301. We note that defendants did not specifically raise this issue before the WCAB. While this Court will not ordinarily consider an issue raised for the first time on appeal, the rule is not inflexible and will not be applied where consideration of the issue is necessary to a proper determination of the case or where the issue is one of law concerning which the necessary facts have been presented. We find these conditions present in the case before us and will therefore address the question.

It is this Court's opinion that the Legislature did not by its use of the phrase "personally injured in the performance of duties as members of the volunteer fire department" intend that volunteer fire fighters should be held to a stricter standard for proving entitlement to benefits than ordinary employees under the act. To the contrary, we believe that inclusion of volunteer fire fighters within the definition of "employee" in § 161 was intended to place such persons on the same footing as ordinary employees. In reaching this conclusion we are mindful of the established principle that the Worker's Disability Compensation Act is remedial in

nature and should be construed in a liberal and humanitarian manner in favor of the employee. *Fuchs v General Motors Corp, supra,* p 554.

In *Marcotte v Tamarack City Volunteer Fire Dep't,* 120 Mich App 671; 327 NW2d 325 (1982), the plaintiff, a volunteer fireman, was injured in an automobile accident which occurred while plaintiff was on a direct route home from the Copper County Firemen's Tournament, an annual event in which members of various departments in the region were invited to participate. The WCAB treated the tournament as akin to a convention or an educational seminar and determined that plaintiff's injuries arose out of and in the course of his employment as a volunteer fire fighter, using a two-part test of (1) whether the employer directly benefited by the employee's attendance and (2) whether attendance was compulsory or at least definitely urged or expected as opposed to merely encouraged. The Court held that the WCAB applied the correct standard. The *Marcotte* decision clearly supports application of the "arising out of and in the course of employment" standard to claims of volunteer fire fighters, although we note that the Court did not specifically discuss the effect of the phrase "in the performance of duties" in § 161.

We believe a reasonable explanation for the Legislature's use of the phrase "in the performance of duties" was offered by the Supreme Court of New Jersey in *Cuna v Bd of Fire Comm'rs, Avenel,* 42 NJ 292; 200 A2d 313 (1964). In that case the claimant, a member of a volunteer fire company, was asked by the company's athletic chairman to play on the company's softball team involving league play with six other volunteer fire company teams. Claimant agreed and, when he

was injured in one of the games, sought compensation under New Jersey's Workmen's Compensation Act. The act provided that volunteer firemen "who may be injured in line of duty" were entitled to compensation. The Appellate Division denied relief, holding that the critical words "in line of duty" created a different and more narrow classification than the traditional one, "out of and in the course of his employment". The Supreme Court reversed and held, quoting *McAnney v Galloway Twp,* 120 NJL 311, 313; 199 A 369, 370 (Sup Ct, 1938):

" 'We do not apprehend that the Legislature, by the phrase "in the line of duty" contained in this supplement to the Compensation Act, intended to qualify the basic provision of the statute touching the relationship of the injury to the employment. Such a purpose is not to be presumed from the mere use of different language, especially when the phraseology has long been associated with this particular branch of the public service; it must be expressed in clear and definite terms admitting of no doubt of the intention. A fireman injured "in the line of duty" expressly assigned, or reasonably to be implied, suffers injury by accident arising out of and in the course of his employment.' " 42 NJ 299.

The *Cuna* Court continued:

"In *Vogt v Borough of Belmar,* 14 NJ 195, 206; 101 A2d 849 (1954), we pointed out that the relationship between a municipality and a volunteer fireman is not that of master and servant, and that the volunteer fireman cannot be viewed as an employee in the true sense.

"Thus, the term 'out of and in the course of his employment' could not accurately be applied to volunteer firemen in the workmen's compensation area and another term, 'in the line of duty,' was substituted. There is no suggestion that the Legislature ever in-

tended to give it a meaning different from the traditional 'out of and in the course of his employment' classification." 42 NJ 299.

We agree with the above reasoning. It appears that use of the phrase "in the performance of duties" in § 161 was in recognition of the fact that volunteer fire fighters have not traditionally been considered "employees" and it would therefore be incongruous to refer to injuries arising out of and in the course of employment. We see no indication that the Legislature intended to require volunteer fire fighters to meet a different standard than that required by § 301.

We conclude that the WCAB did not err in applying the standard of whether decedent's death arose out of and in the course of his employment as a volunteer fire fighter.

Finally, we hold that the WCAB's findings of fact are supported by competent evidence in the record.

Affirmed.