PROVIDENCE HOSPITAL v NATIONAL LABOR UNION HEALTH
& WELFARE FUND

Docket No. 93298. Submitted May 8, 1987, at Detroit. Decided August
3, 1987.

Providence Hospital provided medical services to certain individu-
als who were beneficiaries of an employee welfare benefit plan
administered by the National Labor Union Health and Welfare
Fund pursuant to the Employee Retirement Income Security
Act, 29 USC 1002(1) *et seq.* Providence Hospital, as the assignee
of the treated individuals, brought an action in Wayne Circuit
Court against Health and Welfare Plans, Inc., and the National
Labor Union Health and Welfare Fund alleging a breach of
contract by defendants in refusing to pay for the services
provided. The trial court, Sharon Tevis Finch, J., pursuant to a
motion by plaintiff, granted a judgment against the fund.
Health and Welfare Plans, Inc., was subsequently dismissed
from the suit by stipulation of the parties. The fund filed a
motion to amend the judgment and claimed, for the first time,
that plaintiff's cause of action was preempted by ERISA. The
trial court, finding that the motion was in effect a motion for
reconsideration of plaintiff's motion for summary disposition,
denied the fund's motion as untimely. The fund appealed.

The Court of Appeals *held:*

1. ERISA supersedes any and all state laws insofar as they
relate to an employee benefit plan within the ambit of the act.
In this case, it was not disputed that the plan administered by
the fund falls within the provisions of ERISA. Thus, plaintiff's
contract claim under state law is preempted by remedies avail-
able to plaintiff under the provisions of ERISA.

2. The fund's motion for reconsideration was not untimely. A
motion for summary disposition on the basis of a court's lack of

REFERENCES

Am Jur 2d, Courts §§ 87, 92, 97.

Am Jur 2d, New Topic Service, Pension Reform Act § 7.

Pre-emption of state fair employment laws under provisions of § 514
of Employee Retirement Income Security Act (29 USCS § 1144).
72 ALR Fed 489.

subject-matter jurisdiction may be raised at any time during the course of an action.

Reversed and remanded.

1. APPEAL — PRESERVING QUESTION.

The Court of Appeals will not review issues that were not raised and decided by the trial court except where a miscarriage of justice would result from failure to pass on them, or if the question is one of law and all the facts necessary for its resolution have been presented, or where necessary for a proper determination of the case (MCR 7.203).

2. STATUTES — EMPLOYEE RETIREMENT INCOME SECURITY ACT — PREEMPTION.

The Employee Retirement Income Security Act supersedes any and all state laws insofar as they relate to an employee benefit plan within the ambit of the act; a state statute need not specifically concern subjects covered by the act in order to be preempted; even a state's general common law may be preempted by the act if, in its application, the common law relates to an employee benefit plan (29 USC 1144).

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — SUBJECT-MATTER JURISDICTION.

A motion for summary disposition on the basis of a trial court's lack of subject-matter jurisdiction may be raised at any time during the course of an action (MCR 2.116[C][4] and [D][3]).

*Law Offices of Sullivan & Leavitt, P.C.* (by *Martin J. Leavitt* and *Karen L. Faber*), for plaintiff.

*Zweig & Lane, P.C.* (by *Timothy R. Van Dusen*), for defendant.

Before: BEASLEY, P.J., and HOOD and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. Providence Hospital filed suit in Wayne Circuit Court on November 2, 1983, against Health and Welfare Plans, Inc., which is not a party to this appeal, alleging that Health and Welfare Plans, Inc., was contractually bound

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to pay health benefits to plaintiff's assignors and has a duty to pay plaintiff as an assignee. On May 31, 1984, plaintiff's first amended complaint was filed which alleged that the defendant in this case, National Labor Union Health and Welfare Fund, had breached its contractual obligation to pay for services rendered by plaintiff.

Plaintiff provided health care to certain individuals who were beneficiaries under a multi-employer/employee welfare benefit plan administered by the defendant. The fund is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act, 29 USC 1002(1). Plaintiff alleged that prior to rendering the services it confirmed with the defendant or its agents that the beneficiaries were covered under the plan and that the services to be provided were covered services. Upon receiving confirmation, plaintiff rendered the services to the beneficiaries and then sought payment from defendant.

Subsequent to plaintiff's rendition of covered services, and after considering all potential available alternatives, on December 23, 1983, the trustees of the fund unilaterally adopted a "plan of arrangement" whereby the trustees determined that, with respect to benefits for services previously provided, the fund would delay making payment until the trustees determined that the fund had sufficient assets. This action was taken in response to a financial crisis experienced by the fund, and was allegedly taken pursuant to the National Labor Union and Welfare Fund Agreement and Declaration of Trust.

The "plan of arrangement" was submitted to providers under the plan, but plaintiff rejected the arrangement and filed the complaint giving rise to this litigation. At oral argument, this Court was informed that the amounts billed had been paid in

full but plaintiff sought interest which had been accruing since the trial judge, on February 24, 1986, entered a summary disposition order under MCR 2.116(C)(10) against defendant National Labor Union Health and Welfare Fund only. The amount prayed for in the first amended complaint was $81,467.85.

On May 23, 1986, a stipulation and order of dismissal was entered on the counts against codefendant Health and Welfare Plans, Inc. On March 17, 1986, defendant filed a motion for amendment of judgment alleging that plaintiff's cause of action was preempted by ERISA and that a review of the trustees' decision to modify the method of payment of benefits presented a material issue of fact which was not a proper subject for summary disposition. Finding that the motion, which was nothing more than a motion for rehearing on plaintiff's motion for summary disposition, was untimely, the trial court denied defendant's motion and an order was entered on April 10, 1986. On June 13, 1986, defendant filed a claim of appeal from the April 10, 1986, order. We reverse.

Defendant first raised the preemption question in the motion for amendment of judgment, and because the trial court denied the motion for untimeliness it did not address the preemption issue. Generally, this Court will not review issues that were not raised and decided by the trial court. MCR 7.203; *Bajis v City of Dearborn,* 151 Mich App 533; 391 NW2d 401 (1986), lv den 426 Mich 874 (1986). However, there are exceptions to this general rule. This Court will review issues not raised below if a miscarriage of justice will result from a failure to pass on them, *American Way Service Corp v Comm'r of Ins,* 113 Mich App 423; 317 NW2d 870 (1982), or if the question is one of law and all the facts necessary for its resolution

have been presented, *Kahn-Reiss, Inc v Detroit & Northern Savings & Loan Ass'n,* 59 Mich App 1; 228 NW2d 816 (1975), or where necessary for a proper determination of the case, *Loper v Cascade Twp,* 135 Mich App 106; 352 NW2d 357 (1984).

Although the complaint does not mention ERISA, 29 USC 1001 *et seq.,* or specifically allege a violation thereof, the parties do not dispute that the fund, as defined in the trust agreement, is an employee welfare benefit plan as defined in 29 USC 1002(1), and is therefore regulated by ERISA.

Defendant, both in brief and in argument, claims that the federal act entirely preempts state law. Defendant asserts that there is no basis for a common-law action as defined under Michigan law that can stand in view of the Congressional intent, and that the proper review of this case by the trial judge should have been as to whether the trustees violated their duties as defined in ERISA.

The preemption provision of ERISA is found in 29 USC 1144, which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in [29 USC 1003(a)] and not exempt under [29 USC 1003(b)]. This section shall take effect on January 1, 1975.
>
> \*   \*   \*
>
> For purposes of this section:
> (1) the term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State. . . . .

The state law at issue need not specifically concern subjects covered by ERISA to be preempted. *Alessi v Raybestos-Manhattan, Inc,* 451 US 504;

101 S Ct 1895; 68 L Ed 2d 402 (1981). Instead, even a state's general common law will be preempted by ERISA if, in its present application, the common law "relates to" an employee benefit plan. *Dependahl v Falstaff Brewing Corp*, 653 F2d 1208 (CA 8, 1981), cert den 454 US 968; 102 S Ct 512; 70 L Ed 2d 384 (1981).

In its appellate brief, plaintiff states that it has never asserted that its claim does not arise under ERISA and that its claim is based upon the civil enforcement provision of ERISA, specifically, 29 USC 1132(a)(1)(B), which permits plan participants to bring a cause of action for benefits due under the terms of a plan. We find that the plaintiff is correct in arguing that its claim may be based upon the civil enforcement provision of ERISA, but we also find that the plaintiff has relied upon common law within the State of Michigan to enforce its claim against defendant, which is not permitted. Claims under subsection (a)(1)(B) of 29 USC 1132 may be brought either in state courts of competent jurisdiction or district courts of the United States, the act giving concurrent jurisdiction. 29 USC 1132(e)(1). In *Authier v Ginsberg*, 757 F2d 796 (CA 6, 1985), cert den — US —; 106 S Ct 208; 88 L Ed 2d 177 (1985), the United States Court of Appeals for the Sixth Circuit, in ruling on a decision of Judge Cook in the United States District Court for the Eastern District of Michigan, found that the fiduciary suing in that case asserted a cause of action under Michigan law and because the fiduciary's alleged compliance with ERISA had a connection with or reference to an employee benefit plan, it was fully preempted by federal law. In two recent companion cases decided by the United States Supreme Court, *Metropolitan Life Ins Co v Taylor*, 481 US —; 107 S Ct 1542; 95 L Ed 2d 55 (1987), and *Pilot Life Ins Co v Dedeaux*, 481 US —;

107 S Ct 1549; 95 L Ed 2d 39 (1987), it was held that ERISA preempts state common law tort and contract actions where there was an assertion of improper processing of a claim for benefits under an insured employee benefit plan.

In the *Metropolitan* case, *supra,* the plaintiff had filed suit in state court. Defendants in the state suit removed the suit to federal court alleging federal question jurisdiction under ERISA and pendent jurisdiction over the remaining state claims. The district court found the case properly removable and granted the defendants summary judgment on the merits. 588 F Supp 562 (ED Mich, 1984). The Court of Appeals reversed on the ground that the district court lacked removal jurisdiction. 763 F2d 216 (CA 6, 1985). The Court of Appeals found that the complaint stated only state-law causes of action subject to the federal defense of ERISA preemption and that the "well-pleaded complaint" rule precluded removal on the basis of a federal defense. 763 F2d 216, 219 (CA 6, 1985). The United States Supreme Court subsequently reversed. Justice O'Connor, speaking for a unanimous Court, stated:

> Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. *Gully v First National Bank,* [229 US 109; 57 S Ct 96; 81 L Ed 70 (1936)]. One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character. For 20 years, this Court has singled out claims pre-empted by § 301 of the Labor Management Relations Act (LMRA), 29 USC § 185, for such special treatment. [95 L Ed 2d 63.]

Justice O'Connor noted that the language of § 502(a)(1)(B), of ERISA 29 USC 1132(a)(1)(B), closely parallels the preemptive language of § 301 of the Labor Management Relations Act, 29 USC 185. Following what she labeled "extraordinary preemptive power," Justice O'Connor found that the suit, though it purports to raise only state-law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress and therefore was removable to the federal court by the defendants.

The *Pilot Life* case, *supra,* dealt with the issue whether a Mississippi insurance provision was one that "regulates insurance" and thus would not be subject to ERISA even though it was clearly an employee benefit plan. In *Pilot Life, supra,* 95 L Ed 2d 48, Justice O'Connor noted that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.' *Alessi v Raybestos-Manhattan, Inc,* 451 US 504, 523; 101 S Ct 1895; 68 L Ed 2d 402 (1981)." She found, in looking at Congressional intent, that Congress did not intend to authorize other remedies, pointing out that in § 502(a) of the ERISA statute Congress provided for six carefully integrated civil enforcement provisions. Justice O'Connor further stated:

> The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive. This conclusion is fully confirmed by the legislative history of the civil enforcement provision. The legislative history demonstrates that the pre-emptive force of § 502(a) was modeled after § 301 of the Labor-Management Relations Act of

1947 (LMRA), 29 USC § 185." [*Pilot Life, supra,* 95 L Ed 2d 52.]

While Michigan courts do not rely upon a legislator's present recollection of what was intended at the time of passage of a bill as evidence of legislative intent, see *City of Williamston v Wheatfield Twp,* 142 Mich App 714; 370 NW2d 325 (1985), the United States Supreme Court relies very heavily upon statements made during debate as carried in the Congressional Record. Justice O'Connor noted that during the arguments on adoption of ERISA, Senator Javits stated:

> "It is also intended that a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans." [*Pilot Life, supra,* 95 L Ed 2d 53.]

Justice O'Connor concluded that the expectation that a federal common law of rights and obligations under ERISA-regulated plans would develop would make little sense if the remedies available to ERISA participants and beneficiaries could be supplemented or supplanted by varying state laws.

As noted above, plaintiff claims that defendant did not properly raise the issue of preemption and should be deemed to have waived the claim. Judge Philip Pratt of the United States District Court for the Eastern District of Michigan in *Ogden v Michigan Bell Telephone Co,* 595 F Supp 961 (ED Mich, 1984), dealt with a similar issue under FR Civ P 12(b)(6). In that case plaintiffs were arguing that the motion filed by defendants was an untimely motion for reconsideration and that the court had already passed upon the propriety of the count involved in the case in an earlier opinion. The trial court found both of these contentions merit-

less. Rule 12(b) is similar to MCR 2.116(C). MCR 2.116(D)(3) provides that "[t]he grounds listed in subrule (C)(4), (8), (9), and (10) may be raised at any time." We believe that defendant has properly raised the issue under MCR 2.116(C)(4) which provides that the court lacked jurisdiction over the subject matter. We find that under the proper interpretation of ERISA the court, on the pleadings filed by plaintiff, lacked jurisdiction over the subject matter and accordingly the defendant has raised the question in a timely fashion by raising it on what amounted to a motion for reconsideration.

The decision of the trial court is reversed and this matter is remanded to the trial court for a determination under the provisions of ERISA. Any court costs, attorney fees, and interest assessed under the previous finding must be reviewed based upon this opinion.

Reversed and remanded.