## HAYDEN v GOKENBACH

Docket No. 104905. Submitted February 9, 1989, at Detroit. Decided August 21, 1989. Leave to appeal applied for.

Kermit D. Hayden, an independent trucker who owned a tractor-trailer and was hired by American Red Ball Van Lines to haul and deliver cargo, sustained injuries when his tractor-trailer overturned while being driven by William Michael Gokenbach, a driver assistant. At the time of the accident, American Red Ball Van Lines and its truckers, including Hayden, were insured under a liability insurance policy issued by Hartford Accident & Indemnity Company. Hayden brought a negligence action in Macomb Circuit Court against Gokenbach, but was unable to personally serve Gokenbach with a copy of the complaint and summons. The trial court issued an order for substituted service on Hartford, believing that Hartford was Gokenbach's liability insurer. A default was subsequently entered against Hartford after it failed to file an answer. Hartford then filed a motion to quash service and submitted an affidavit stating that it was not Gokenbach's liability insurer. The trial court, Kenneth N. Sanborn, J., issued an order granting Hartford's motion. Plaintiff appealed.

The Court of Appeals *held:*

1. Under MCR 2.105(I)(1), substituted service in a manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard may be ordered by a court upon a showing that service of process on the defendant cannot reasonably be made as provided by court rule. In this case, what is of key importance is not whether Hartford contracted with Gokenbach or knew or could learn of his whereabouts, but whether Hartford may be held liable for plaintiff's damages upon a determination that Gokenbach was negligent. A remand is necessary for the production and review of Hartford's insurance policy. If the policy covered Gokenbach, service on Hartford was proper and the order quashing service must be

REFERENCES

Am Jur 2d, Process §§ 66, 157.

Validity of substituted service of process upon liability insurer of unavailable tortfeasor. 17 ALR4th 918.

vacated. On the other hand, if the court determines that Gokenbach was not covered, then the order quashing service was proper.

2. By failing to raise it in the trial court, Hartford has waived appellate review of its claim that plaintiff has not demonstrated that he made diligent efforts in attempting to serve Gokenbach personally.

Remanded.

1. PROCESS — MOTION TO QUASH SERVICE OF PROCESS — DEFAULT.

A defendant against whom a default has been entered can challenge the propriety of service of process on him by bringing a motion to quash service; such defendant need not first bring a motion to set aside the default.

2. PROCESS — SUBSTITUTED SERVICE — SERVICE ON INSURERS.

Substituted service on a defendant's liability insurer is proper in an action alleging negligence by the defendant where it is established that service on the defendant cannot reasonably be made as provided by court rule and that the insurer may ultimately be held liable to plaintiff for the alleged negligence of the defendant (MCR 2.105[I][1]).

*Law Offices of Ben Shapero, P.C.* (by *David W. Martin*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Timothy Young* and *Marcia L. Howe*), for Hartford Accident & Indemnity Company.

Before: CYNAR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. Plaintiff appeals an order of the Macomb Circuit Court quashing service of process by substituted means and dismissing the complaint. This case questions whether service of process may be made on a missing defendant by obtaining substituted service on the insurer which ultimately will be liable should plaintiff prevail. We respond affirmatively and remand.

Plaintiff, Kermit Hayden, was an independent trucker who owned his own tractor-trailer. He was

hired to deliver goods by American Red Ball Van Lines. Appellee Hartford Accident & Indemnity Company had issued a liability insurance policy to American and its truckers. Plaintiff was a named insured and his vehicle was described on an auxiliary form. Defendant Michael Gokenbach was a driver assistant.

On August 3, 1983, Gokenbach was driving plaintiff's tractor-trailer at a high rate of speed when it left the road and overturned. Plaintiff, a passenger at the time, sustained permanent injuries.

Plaintiff sued Gokenbach. When he was unable to serve him, plaintiff sought and obtained from the trial court an ex parte order to extend the summons. Thereafter, Gokenbach's aunt and uncle told plaintiff's process server they had not heard from their nephew in four years and that he worked somewhere in Indiana. Based on this information, the court entered an ex parte order for substituted service on Hartford, believing it to be Gokenbach's liability carrier.

Substituted service was accomplished and, as no answer was filed, a default was entered July 17, 1987. Hartford promptly filed a motion to quash the service attaching an affidavit stating that Hartford was not Gokenbach's liability carrier. Following a hearing, the trial court issued an opinion and order granting the motion.

The court saw the issue as whether the substituted service was reasonably calculated to give Gokenbach notice of the proceedings and an opportunity to be heard. The judge relied on Hartford's affidavit and held that, if no contractual relationship existed between Gokenbach and Hartford, Hartford could not be Gokenbach's representative for purposes of service. Although plaintiff re-

quested that Hartford be required to produce the insurance policy, the court found it unnecessary.

Plaintiff argues on appeal that Hartford proceeded improperly in bringing a motion to quash service, and it should have sought first to set aside the default. We disagree. Where service of process is alleged to be improper, even though a default has been entered, the defect is properly attacked by a motion to quash. *Coleman v Bolton,* 24 Mich App 547; 180 NW2d 319 (1970).

Plaintiff contends also that the substituted service of process in this case was proper. He reasons that Hartford insured plaintiff's vehicle and is thus liable for the negligence of the vehicle's driver who caused plaintiff's injuries. Since Gokenbach could not be found, substituted service of process was proper against the insurer according to MCR 2.105(I) and *Krueger v Williams,* 410 Mich 144; 300 NW2d 910 (1981), app dis 452 US 956; 101 S Ct 3102; 69 L Ed 2d 967 (1981).

MCR 2.105(I)(1) provides:

> On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

*Krueger* held that substituted service may be had on an absentee defendant's insurance carrier when diligent efforts are shown to have been made to serve defendant, yet without success. The *Krueger* Court was guided by the reasoning contained in *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 317; 70 S Ct 652; 94 L Ed 865 (1950):

> [I]t has been recognized that, in the case of

persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.

Hartford argues that although ultimately it might be held liable to plaintiff for Gokenbach's alleged negligence under the policy in question, it was not Gokenbach's liability insurer. It points out that in *Krueger,* unlike this case, the insurer upon which substituted service was good was the liability insurer. By that it appears to mean that the insurer had a contractual relationship with the defendant, Mrs. Williams. Presumably it was in a position to locate and give notice of the suit to Williams. It is for those reasons, Hartford insists, substituted service upon the insurer was upheld.

We find Hartford's position unpersuasive. In the *Krueger* case, Williams was an assigned risk. The insurance company never sold a policy to her. It had no direct contractual relationship with her. There is no reason to believe it had more knowledge than plaintiff had of her whereabouts. Its responsibility to Williams, simply put, was to provide coverage.

Of key importance in the case at bar is not whether Hartford contracted with Gokenbach or even if it knew or could learn of his whereabouts. What is crucial is whether Hartford is liable for plaintiff's damages in the event Gokenbach is found negligent. *Krueger, supra.* If that is true, then substituted service on Hartford was good.

The attorney for Hartford, who eventually entered an appearance on behalf of Gokenbach, argued before the trial court that Gokenbach was not covered under the policy. This critical and underlying question should not be disposed of

based on the assertions, sworn or otherwise, of Hartford's representatives. Plaintiff is entitled to see the policy of insurance. We remand for production and review of the Hartford policy to determine whether Gokenbach was covered under the policy. If Gokenbach was covered, service was proper and the order quashing service must be vacated. If the court determines that Gokenbach was not covered, then the order quashing service was proper.

Finally, Hartford argues that, even if its coverage extended to Gokenbach, plaintiff has not demonstrated diligent efforts to serve Gokenbach directly. Hartford did not raise this issue before the trial court, thus it is not properly preserved for appeal. *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987); *Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 701-702; 368 NW2d 257 (1985).

Remanded for proceedings consistent with this decision. This Court does not retain jurisdiction.