GENTRY v DEPARTMENT OF PUBLIC HEALTH

HOLLANDSWORTH v DEPARTMENT OF PUBLIC HEALTH

Docket Nos. 107399, 107582. Submitted August 9, 1989, at Lansing. Decided February 21, 1990. Leave to appeal applied for.

Advocates employed by the Michigan Protection and Advocacy Service filed complaints with the Michigan Department of Public Health against Willowbrook Manor, Inc., on behalf of Alvin Gentry, Lawrence Hollandsworth, and Timothy Southward, who are mentally retarded adults living at Willowbrook Manor. The department investigated the complaints and issued reports concluding that no violations of the applicable state or federal laws were found. Administrative hearings were subsequently requested pursuant to MCL 333.21799a(9); MSA 14.15 (21799a)(9). Following the hearings, the administrative hearings officers recommended that the department's director find that the investigations and determinations of the department be affirmed. Exceptions to the hearing officers' recommended decisions were filed and the department director issued a final decision in each case upholding the decision of the administrative hearing officers. The guardians of Gentry, Hollandsworth, and Southward filed petitions for review in the Ingham Circuit Court. The trial court, Peter D. Houk, J., in Gentry's case, and Lawrence M. Glazer, J., in the case by Hollandsworth and Southward, granted motions for summary disposition by the department, finding that the administrative proceedings had determined the rights of Willowbrook Manor rather than an individual patient's rights. The petitioners appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The hearings afforded petitioners here were not contested case hearings, therefore, petitioners are not entitled to judicial review pursuant to the Public Health Code, MCL 333.1205; MSA 14.15(1205) or the Administrative Procedures Act, MCL 24.301; MSA 3.560(201).

Affirmed.

REFERENCES

Am Jur 2d, Administrative Law §§ 572, 573, 575, 576, 585.

See the Index to Annotations under Administrative Law; Moot and Abstract Questions; Nursing and Convalescent Homes.

1. WORDS AND PHRASES — CONTESTED CASE — ADMINISTRATIVE LAW.

The Administrative Procedures Act defines "contested case" to mean a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing (MCL 24.203[3]; MSA 3.560[103][3]).

2. ADMINISTRATIVE LAW — APPEAL.

Petitioners, patients in a licensed mental health facility, were not entitled to judicial review pursuant to the Public Health Code or the Administrative Procedures Act of certain decisions of the director of the Michigan Department of Public Health following hearings on the petitioners' complaints about their health care conducted pursuant to § 21799a of the Public Health Code where, in regard to the petitioners, the hearings were not contested case hearings (MCL 24.301, 333.1205, 333.21799a; MSA 3.560[201], 14.15[1205], 14.15[21799a]).

*Michigan Protection and Advocacy Service* (by *Stewart R. Hakola*), for appellants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Robert J. Taube,* Assistant Attorney General, for the Michigan Department of Public Health.

*David Lebenbom, P.C.* (by *Andrew R. Rothman*), for Willowbrook Manor, Inc.

Before: MURPHY, P.J., and NEFF and G. S. ALLEN,* JJ.

PER CURIAM. In these consolidated cases, Lawrence Hollandsworth and Timothy Southward, by and through their respective guardians, Nancy Page and Carl Southward, and Alvin Gentry, by and through his guardian, Kathleen Diatchun, appeal as of right from separate circuit court orders granting the Michigan Department of Pub-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

lic Health's (MDPH) motions for summary disposition.

## I

Lawrence Hollandsworth, Timothy Southward and Alvin Gentry are mentally retarded adults living at Willowbrook Manor, a nursing facility licensed and regulated by the MDPH pursuant to the Public Health Code, MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.*

Rosemary Pierson, an advocate employed by the Michigan Protection and Advocacy Service (MPAS), filed a complaint with the MDPH against Willowbrook Manor on behalf of Lawrence Hollandsworth and Timothy Southward, pursuant to MCL 333.21799a(1); MSA 14.15(21799a)(1). The complaint was based on Pierson's observation of decubitus ulcers on these patients. The MDPH investigated the complaint and issued a report concluding there was no violation of applicable state or federal law. An administrative hearing was subsequently requested by MPAS pursuant to MCL 333.21799a(9); MSA 14.15(21799a)(9).

At the hearing, testimony and exhibits were admitted into evidence on the issue whether Willowbrook Manor violated the patients' right to receive "adequate and appropriate care." The administrative hearing officer recommended that the MDPH's director find that the investigation and determination of the MDPH was proper. Counsel for Hollandsworth and Southward filed exceptions to the hearing officer's recommended decision. The MDPH director issued a final decision upholding the decision of the administrative hearing officer.

The guardians for Hollandsworth and Southward thereafter filed a petition for review in Ingham Circuit Court and the MDPH filed a motion for

summary disposition in which Willowbrook Manor concurred. The trial court granted respondents' motion and found that the administrative proceedings determined the rights of the nursing facilities rather than an individual patient's rights.

Patricia Sperti of the MPAS filed a similar complaint with the MDPH on behalf of Alvin Gentry, also a resident of Willowbrook Manor. The complaint was based on Sperti's observation that Gentry was made to wear a helmet and face mask. The complaint alleged that the use of such head gear was an improper restraint under MCL 333.20201(2)(e); MSA 14.15(20201)(2)(e).

An investigation was conducted and a report was prepared by the MDPH. That report concluded that the helmet was an appropriate safety device designed to protect Gentry from his own self-abusive behavior. Because no health violations were found, the MDPH took no action against Willowbrook Manor.

Sperti thereafter requested a formal § 21799a hearing to review the complaint pertaining to Gentry. After an administrative hearing was conducted and posthearing briefs were submitted by Sperti and Willowbrook Manor, the administrative hearing officer issued a recommendation that the complaint investigation report be affirmed because Sperti had failed to show that Willowbrook Manor's actions regarding Gentry's head gear were inappropriate and that the MDPH's investigation was inadequate.

Sperti filed exceptions to the recommendation and Willowbrook Manor replied to those exceptions. A final decision rejecting Sperti's exceptions and upholding the administrative hearing officer's decision was later issued by the MDPH's director.

Gentry, through his guardian, Kathleen Diatchun, filed a petition for review in Ingham Circuit

Court pursuant to MCL 24.301; MSA 3.560(201) and MCL 24.302; MSA 3.560(202). That petition sought review of the MDPH's final decision. The trial court thereafter granted the MDPH's motion for summary disposition, finding that the administrative hearing was not a proceeding in which legal rights were determined because subsequent procedures might occur.

Petitioners now appeal as of right from the orders of the trial court granting summary disposition in favor of respondents. We affirm.

II

Petitioners contend that nursing home patients who allege violations of their rights under the Public Health Code and who pursue the administrative hearing procedures established by the code have a right to judicial review of agency decisions that their rights were not violated. Respondent MDPH, on the other hand, contends that where, as here, it declines to issue a civil penalty order against a nursing home because its investigation of a complaint discloses no violations, where the complainant requests and receives a hearing on the accuracy of the department's decision, and where the director concurs in the decision that there is no basis to issue a civil penalty order, the complainant is not entitled to judicial review of the director's decision. Respondent Willowbrook Manor also asserts that petitioners here are not entitled to judicial review of the decisions of the director of the MDPH following a hearing conducted pursuant to § 21799a(9).

Section 21799a states:

(1) A person who believes that this part, a rule promulgated under this part, or a federal certifica-

tion regulation applying to a nursing home may have been violated may request an investigation of a nursing home. The request shall be submitted to the department as a written complaint or the department shall assist the person in reducing an oral request to a written complaint within 7 days after the oral request is made.

*  *  *

(3) The complaint, a copy of the complaint, or a record published, released, or otherwise disclosed to the nursing home shall not disclose the name of the complainant or a patient named in the complaint unless the complainant or patient consents in writing to the disclosure or the investigation results in an administrative hearing or a judicial proceeding, or unless disclosure is considered essential to the investigation by the department. If disclosure is considered essential to the investigation, the complainant shall be given the opportunity to withdraw the complaint before disclosure.

(4) Upon receipt of a complaint, the department shall determine, based on the allegations presented, whether this part, a rule promulgated under this part, or a federal certification regulation for nursing homes has been, is, or is in danger of being violated. The department shall investigate the complaint according to the urgency determined by the department. The initiation of a complaint investigation shall commence within 15 days after receipt of the written complaint by the department.

(5) If, at any time, the department determines that this part, a rule promulgated under this part, or a federal certification regulation for nursing homes has been violated, the department shall list the violation and the provisions violated on the state and federal licensure and certification forms for nursing homes. The violations shall be considered, as evidenced by a written explanation, by the department when it makes a licensure and certification decision or recommendation.

(6) In all cases, the department shall inform the

complainant of its findings unless otherwise indicated by the complainant. . . .

(7) A written determination, correction notice, or warning notice concerning a complaint shall be available for public inspection, but the name of the complainant or patient shall not be disclosed without the complainant's or patient's consent.

(8) A violation discovered as a result of the complaint investigation procedure shall be reported to persons administering sections 21799c to 21799e. The violation shall be assessed a penalty as described in this act.

(9) A complainant who is dissatisfied with the determination or investigation by the department may request a hearing. A request for a hearing shall be submitted in writing to the director within 30 days after the mailing of the department's findings as described in subsection (6). Notice of the time and place of the hearing shall be sent to the complainant and the nursing home.

III

Petitioners first contend that they have a right to judicial review under the Public Health Code itself because § 1205 of the code expressly invokes and incorporates the Michigan Administrative Procedures Act (APA). We disagree that petitioners here have a right to judicial review under the code. MCL 333.1205; MSA 14.15(1205) provides:

(1) An applicant, licensee, or other person whose legal rights, duties, or privileges are required by this code to be determined by the department, after an opportunity for a hearing, has the right to a contested case hearing in the matter, which shall be conducted pursuant to the administrative procedures act of 1969 and authorized rules governing the hearing.

(2) The decision, finding, or order of the department entered after the hearing may be appealed as provided by the administrative procedures act

of 1969, except where otherwise provided by this
code.

Subsection 1 of the above statute provides the
right to a contested case hearing to an applicant,
licensee, or other person *whose legal rights, duties,
or privileges are required by the code to be deter-
mined by the MDPH.* Subsection 2 provides that the
decision of the department entered after the hear-
ing may be appealed as provided by the APA.
However, petitioners' legal rights, duties, or privi-
leges were not required by the code to be deter-
mined by the MDPH. Rather, it was the licensee-
nursing home's legal rights, duties, or privileges
that were required to be determined by the depart-
ment. Accordingly, even though the procedure for
a contested case hearing may have been followed,
petitioners were not entitled to, and did not re-
ceive, a contested case hearing and are not enti-
tled to judicial review of the department's decision
under MCL 333.1205; MSA 14.15(1205).

IV

Petitioners next contend that they are entitled
to judicial review under MCL 24.301; MSA
3.560(201) of the APA, which states in pertinent
part:

When a person has exhausted all administrative
remedies available within an agency, and is ag-
grieved by a final decision or order in a contested
case, whether such decision or order is affirmative
or negative in form, the decision or order is subject
to direct review, by the courts as provided by law.

Whether petitioners may seek judicial review
pursuant to this section depends on whether they
are aggrieved by a final decision or order in a

contested case. "Contested case" is defined in § 3 of the APA, MCL 24.203(3); MSA 3.560(103)(3), which states in pertinent part:

> "Contested case" means a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing.

Again, because no determination of petitioners' legal rights, duties, or privileges was required by law to be made by an agency, the hearings afforded petitioners were not contested case hearings and petitioners, therefore, are not entitled to judicial review pursuant to MCL 24.301; MSA 3.560(201).

While petitioners argue that, under § 21799a(4), the MDPH was required by law to determine the personal rights afforded to them as a result of their status as nursing home patients, it must be remembered that investigations under § 21799a are not limited to complaints of particular patients in nursing homes. The statute provides that anyone who believes that "this part, a rule promulgated under this part, or a federal certification regulation applying to a nursing home may have been violated may request an investigation of a nursing home."

Our review of §§ 21799a through 21799e convinces us that these sections of the code pertain to licensing concerns and were intended to ensure the delivery of an acceptable level of health care and services in nursing homes rather than the litigation of claims of patients against nursing home licensees.

Moreover, if a nursing home patient feels that

his rights have been violated, he may pursue a civil cause of action against the nursing home, irrespective of the actions taken by the MDPH.

V

We decline to address petitioners' claim, raised for the first time on appeal, that they are entitled to judicial review under the Revised Judicature Act, MCL 600.631; MSA 27A.631. This Court will not generally review issues that were not raised before and decided by the trial court. *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987).

Affirmed.