GENTRY v DEPARTMENT OF PUBLIC HEALTH (ON REMAND)

HOLLANDSWORTH v DEPARTMENT OF PUBLIC HEALTH (ON REMAND)

Docket Nos. 107399, 107582. Submitted August 9, 1989, at Lansing. Decided June 24, 1991, at 9:00 A.M. Delayed application for leave to appeal denied, 439 Mich —.

Alvin Gentry, through his guardian, Kathleen Diatchun, and Lawrence Hollandsworth and Timothy Southward, through their respective guardians, Nancy Page and Carl Southward, petitioned the Ingham Circuit Court for review of decisions of the Department of Public Health, following hearings pursuant to MCL 333.20201 *et seq.*; MSA 14.15(20201) *et seq.*, that Willowbrook Manor, Inc., had not violated any applicable state or federal law with regard to its care of Gentry, Hollandsworth, and Southward at its nursing home. The court, Peter D. Houk, J., on Gentry's petition, and Lawrence M. Glazer, J., on Hollandsworth and Southward's petition, granted summary disposition for the department, determining that the petitioners were not entitled to judicial review. The Court of Appeals, MURPHY, P.J., and NEFF and G. S. ALLEN, JJ., affirmed. 182 Mich App 400 (1990). The Supreme Court, in lieu of granting leave to appeal, remanded for supplemental consideration, particularly of the question whether the Legislature, by providing in MCL 333.21799c(3); MSA 14.15(21799c)(3) that the Department of Public Health must issue an order requiring the nursing home to pay or reimburse monies to an aggrieved patient, intended to create a remedy available to individual nursing home patients for violations of MCL 333.20201; MSA 14.15(20201) that is subject to full review, including judicial review.

On remand, the Court of Appeals *held:*

The Legislature, in providing the penalties enunciated in § 21799c(3), was addressing licensing concerns of nursing homes and did not intend to create a remedy available to individual

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 4, 36.

Patient tort liability of rest, convalescent, or nursing homes. 83 ALR3d 871.

nursing home patients for violations of § 20201, subject to full review, including judicial review.

Affirmed.

HEALTH — PUBLIC HEALTH CODE — NURSING HOMES.

The Legislature, in providing that the Department of Public Health, upon finding a violation of § 20201 of the Public Health Code with respect to the care of a nursing home patient, must issue an order requiring the nursing home to pay or reimburse monies to the aggrieved patient, did not intend to create a remedy available to individual nursing home patients for such violations that is subject to full review, including judicial review (MCL 333.20201, 333.21799c[3]; MSA 14.15[20201], 14.15[21799c][3]).

*Stewart R. Hakola,* for the appellants.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Robert J. Taube,* Assistant Attorney General, for the Department of Public Health.

*David Lebenbom, P.C.* (by *Andrew R. Rothman*), for Willowbrook Manor, Inc.

ON REMAND

Before: MURPHY, P.J., and MACKENZIE and NEFF, JJ.

PER CURIAM. On February 21, 1990, a panel of this Court issued a published opinion per curiam in these cases affirming the trial court's grants of summary disposition in favor of the Michigan Department of Public Health. *Gentry v Dep't of Public Health,* 182 Mich App 400; 451 NW2d 878 (1990). After petitioners filed a delayed application for leave to appeal to our Supreme Court, the Court, in lieu of granting leave to appeal, remanded the matter to this Court for supplemental consideration. 437 Mich 921 (1991). The Supreme

Court retained jurisdiction and directed us to file our supplemental opinion on remand on or before July 1, 1991. We again affirm.

The Supreme Court order directs:

> On remand the Court of Appeals should address the plaintiffs' contentions as they relate to the so-called "patients' bill of rights" provisions of article 17, part 202 of the Public Health Code, MCL 333.20201 *et seq.*; MSA 14.15(20201) *et seq.,* and the provision of the Code that provides "[w]hen the department finds a violation of section 20201 as to a particular nursing home patient, the department shall issue an order requiring the nursing home to pay to the patient $100.00, or to reimburse the patient for costs incurred or injuries sustained, whichever is greater, and the nursing home shall be assessed a civil penalty, not to exceed $1,500.00, or $15.00 per patient bed, whichever is lesser." MCL 333.21799c(3); MSA 14.15(21799c)(3). The Court of Appeals shall consider whether the Legislature, by providing in § 21799c(3) that the Department of Public Health shall issue an order requiring the nursing home to pay or reimburse monies to an aggrieved patient, intended to create a remedy available to individual nursing home patients for violations of § 20201 that is subject to a full review process, including judicial review . . . .

Section 21799c(3), MCL 333.21799c(3); MSA 14.15(21799c)(3), provides:

> When the department finds a violation of section 20201 as to a particular nursing home patient, the department shall issue an order requiring the nursing home to pay to the patient $100.00, or to reimburse the patient for costs incurred or injuries sustained, whichever is greater, and the nursing home shall be assessed a civil penalty, not to exceed $1,500.00, or $15.00 per patient bed whichever is lesser.

In our original opinion, we stated:

> Our review of §§ 21799a through 21799e convinces us that these sections of the code pertain to licensing concerns and were intended to ensure the delivery of an acceptable level of health care and services in nursing homes rather than the litigation of claims of patients against nursing home licensees. [*Gentry, supra,* p 408.]

We continue to adhere to the view expressed in our earlier opinion that, in providing the penalties enunciated in § 21799c(3), the Legislature was addressing licensing concerns of nursing homes and did not intend to create a remedy available to individual nursing home patients for violations of § 20201 which would be subject to a full review process, including judicial review. The clear language of the statute does not create a remedy for nursing home patients where, as here, the Department of Public Health finds no violation of § 20201. Patients who believe they are aggrieved may independently pursue civil actions against a nursing home regardless of any action or inaction of the department pursuant to the statute. *Gentry, supra.*

Affirmed.