HAYDEN v GOKENBACH (AFTER REMAND)

Docket No. 104905. Submitted February 9, 1989, at Detroit. Decided August 5, 1991, at 9:10 A.M.

Kermit D. Hayden brought an action in the Macomb Circuit Court against William M. Gokenbach, alleging damages after sustaining an injury while a passenger in his tractor-trailer driven by Gokenbach. At the time of the accident, Hayden was under contract with American Red Ball Van Lines to haul cargo and was insured under a liability policy issued by Hartford Accident & Indemnity Company. After Hayden was unable to personally serve Gokenbach with the complaint and summons, the court, Kenneth N. Sanborn, J., order substituted service on Hartford, which defaulted when it failed to answer. Hartford moved to quash service of process and submitted an affidavit stating that it was not Gokenbach's insurer. The court granted the motion, Hayden appealed, and the Court of Appeals remanded for a determination whether Gokenbach was insured by Hartford. 179 Mich App 594 (1989). On remand, the trial court found that Hayden was a named insured on the Hartford policy and that, because Gokenbach was driving with Hayden's permission, the policy covered Gokenbach as well.

After remand, the Court of Appeals *held:*

The trial court did not clearly err in making its findings on remand. Because Hartford, as Gokenbach's insurer, will be liable for Hayden's damages in the event Gokenbach is found negligent, substituted service on Hartford was proper.

The order quashing service is vacated, and the case is remanded for further proceedings.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David J. Winter* and *Patrick Burkett*), for Kermit D. Hayden.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Timothy Young* and *Marcia L. Howe*), for Hartford Accident & Indemnity Company.

Before: CYNAR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. This case involves the propriety of the Macomb Circuit Court's decision to quash substituted service of the summons and complaint on the defendant's insurer, Hartford Accident & Indemnity Company.

In our previous opinion we held that, if Hartford is liable for plaintiff's damages in the event defendant Gokenbach is found negligent, then the substituted service on Hartford was good. We remanded the case for a determination of whether Gokenbach was covered under the insurance policy, and we retained jurisdiction. *Hayden v Gokenbach,* 179 Mich App 594; 446 NW2d 332 (1989).

On remand, the trial court found that plaintiff was a named insured under the policy and that, since Gokenbach was driving with plaintiff's permission, the policy covered him as well. These findings are not clearly erroneous. MCR 2.613(C). Thus, the substituted service on Hartford was proper.

The order quashing service is vacated, and the case is remanded for further proceedings. We do not retain jurisdiction.