BEELER v MICHIGAN RACING COMMISSIONER

Docket No. 106014. Submitted June 4, 1991, at Lansing. Decided October 8, 1991, at 9:55 A.M.

V.E. Beeler petitioned the Jackson Circuit Court to review an order of the Michigan Racing Commissioner that upheld a $100 fine for improper conduct imposed by the stewards of the Jackson Harness Raceway and imposed an additional $250 fine for bringing a frivolous appeal, arguing that he had been denied due process and a fair and impartial hearing because the racing commissioner had based his order on the written opinion prepared, but not signed, by a hearing officer before the hearing officer's death. The court, Gordon W. Britten, J., affirmed the commissioner's finding of improper conduct on the part of Beeler, but reversed the imposition of the fine for a frivolous appeal. The petitioner appealed.

The Court of Appeals *held:*

The opinion of a hearing officer in a contested case brought pursuant to the Administrative Procedures Act is not valid where the hearing officer dies before signing the opinion; thus, a new hearing should have been ordered. Entry of the commissioner's order based on the unsigned opinion of the deceased hearing officer was an unlawful procedure that resulted in prejudice to the petitioner.

Reversed and remanded.

*John F. Betz,* for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Nelson W. Westrim,* Assistant Attorney General, for the respondent.

Before: Cᴀᴠᴀɴᴀɢʜ, P.J., and Hᴏʟʙʀᴏᴏᴋ, Jʀ., and W.P. Cʏɴᴀʀ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Petitioner, V. E. Beeler, appeals as

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

of right a circuit court order upholding a $100 fine imposed on him by the racing commissioner for using disrespectful language to a racing official. We reverse, vacate the circuit court and administrative agency orders, and remand to the racing commissioner for a de novo hearing.

This case involves an incident that occurred at the Jackson Harness Raceway on May 8, 1986. Dr. Joy Redmond, the veterinarian for the Office of the Racing Commissioner, was concerned about a horse that she had observed before the eighth race nodding or shifting its weight to one side and that, while looking better, was still "rough" during the race. She went to talk with the driver, Patrick Beeler, petitioner's son, who began explaining that it might be just a shoeing problem. Petitioner, also a licensed driver, approached and asked his son what was going on. Patrick responded that Dr. Redmond wanted to put the horse on the "vet's list."[1] Petitioner then stated either "Are you out of your goddamned mind?" to Dr. Redmond or "She's out of her goddamned mind" to his son.

Dr. Redmond reported the incident to the stewards, who imposed a $100 fine on petitioner for violation of commission rules against speaking in a disrespectful manner to the state veterinarian while she was in the discharge of her duties. See 1985 AACS R 431.1195(1) and 1985 AACS R 431.1280(9). Petitioner filed a timely appeal of this finding to the Office of the Racing Commissioner. The racing commissioner designated attorney Robert B. Delaney as the hearing officer for this contested case, and a de novo hearing took place on October 28, 1986. On November 11, 1986, Mr.

---

[1] Being put on the "vet's list" means that the trainer is required to have the horse examined by a private veterinarian and return a slip saying the horse is racehorse sound. Unless there is trouble getting a vet's slip, the horse can be racing again in three days.

Delaney died. However, a written opinion dated and sent to the racing commissioner on November 18, 1986, contained the signature "Robert B. Delaney." An affidavit by Anna Zimmer, Mr. Delaney's secretary, explained that Mr. Delaney had left the "final draft" of the opinion on her desk before he died and that she typed, signed, and mailed it to the racing commissioner in accordance with Mr. Delaney's directions.

On December 2, 1986, the racing commissioner issued an order to which Mr. Delaney's purported written opinion was attached and incorporated, upholding the stewards' ruling and imposing an additional $250 fine for bringing a frivolous appeal. Petitioner sought review in the circuit court, which affirmed the commissioner's finding of improper conduct, but reversed the imposition of the fine for a frivolous appeal.

On appeal to this Court, petitioner claims that he was denied due process and a fair and impartial hearing of his case because of the commissioner's reliance on Delaney's purported opinion that had been signed and issued after his death. Respondent claims that although this issue was raised in the petition for review by the circuit court and Delaney's death was discussed briefly in the accompanying brief, this issue was not preserved, because petitioner did not argue or cite authority for this issue in his brief to the circuit court. In fact, the circuit court considered the issue abandoned. Regardless, this Court may grant review of an issue if the question is one of law and all of the facts necessary for its resolution have been presented. *Richards v Pierce,* 162 Mich App 308, 316; 412 NW2d 725 (1987); *Providence Hosp v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194-195; 412 NW2d 690 (1987).

This Court reviews an administrative agency

decision in the same manner as the circuit court, *Blue Water Isles Co v Dep't of Natural Resources,* 171 Mich App 526, 531; 431 NW2d 53 (1988), as set forth in MCL 24.306; MSA 3.560(206), which provides in part:

> (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
>
> \* \* \*
>
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
>
> \* \* \*
>
> (2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings.

MCL 24.279; MSA 3.560(179) grants an agency the power to designate and authorize hearing officers to handle contested cases. Mr. Delaney was so authorized as the presiding officer in this case. However, he died before issuing his opinion, and thus the subsequently issued opinion purported to be his cannot be valid. Ms. Zimmer, who admitted signing Mr. Delaney's name to the opinion, had not been authorized by the commissioner to be the presiding officer and continue with the case. In spite of Mr. Delaney's death, the racing commissioner incorporated Delaney's purported opinion in the order, with no indication that a further review of the record had been done by any other authorized person.

We believe that these actions constitute an unlawful procedure resulting in material prejudice to a party. MCL 24.306(1)(c); MSA 3.560(206)(1)(c). There is no assurance that, had Mr. Delaney lived,

he would not have made changes in his findings or conclusions. It is clear that the authorized presiding officer in this case was dead and could not have issued the opinion ascribed to him. Consequently, we find that petitioner is entitled to a new hearing in this matter, conducted in compliance with the applicable statutes and rules.

Because of our resolution of this matter, we need not address the other issue raised.

Reversed and remanded to the racing commissioner for a de novo hearing. We do not retain jurisdiction.