17685

**PIEDMONT SHIRT COMPANY,** Appellant, **v. AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL-CIO,** Respondent.

(115 S. E. (2d) 499)

*Messrs. Price & Poag,* of Greenville, and *Blakeney, Alexander & Machen,* of Charlotte, North Carolina, *for Appel-*

*lant,*

*Messrs. John Bolt Culbertson,* of Greenville, and *Jacob Sheinkman,* of New York, *for Respondent,*

July 18, 1960.

PER CURIAM.

The order of Honorable W. B. McGowan has been carefully considered in the light of the record and the exceptions, and we find no error.

Let the order be reported as the judgment of this Court.

The order of Judge McGowan follows:

In this proceeding the plaintiff seeks the injunctive relief of this Court with the view of restraining the defendant, its agents and representatives, from further practicing upon it the tortious acts imputed to it, its agents and representatives, by the complaint.

Substantially it is alleged that the plaintiff has its principal place of business in the City and County of Greenville, State aforesaid, where it manufactures on a large and profitable scale "Wings" and "Kaynee" shirts for men and boys, which are distributed and sold throughout the country.

It is further alleged that the defendant, as an unincorporated labor organization, through its agents and representatives, for some time in various parts of the country, has been unlawfully picketing the retailers of the plaintiff and conducting a boycott of plaintiff's products, and that as a result of said activities of the defendant, its agents and representatives, the plaintiff has suffered and is threatened with serious and irreparable loss and damage, for the redress of which it has no adequate relief at law.

It is further alleged that the defendant, having been unable to organize the plaintiff's employees, announced that it would subject the plaintiff to the said practices now being

employed unless the plaintiff would comply with the defendant's demands that the plaintiff apply pressure upon its employees to join the defendant union and should recognize the union as the duly selected bargaining agent of said employees, even though not the fact and contrary to the wishes of said employees. That the plaintiff refused to do so and, thereupon, the defendant by and through its agents and representatives, launched and entered upon the execution of said unlawful practices.

There can be no doubt but that under the common law the alleged conduct of the defendant is tortious in character, with the corresponding course of action in favor of the plaintiff or injunctive relief therefrom. However, at the outset, the defendant by special appearance questions the jurisdiction of this Court to entertain the matter on the theory of pre-emption arising from consideration of the Taft-Hartley Act.

Much has been said and written by the Courts on this subject, the latest having been the case of *San Diego Building Trades Council, etc. v. Garmon,* 359 U. S. 236, 79 S. Ct. 773, 3 L. Ed. (2d) 775, wherein most of the former decisions touching upon the question are reviewed.

There it was declared, in the absence of violence or intimidation, that where the conduct complained of and sought to be regulated in the State Court arguably falls within the compass of Sections 7 and 8 of said Act, 29 U. S. C. A. §§ 157, 158, relating to protected activities and certain prohibited unfair labor practices, the State Court, before taking hold, must stand aside and yield jurisdiction to the National Labor Relations Board for determination of that primary question.

In the present case there is no allegation of violence or intimidation and hardly could be said arbitrarily that the tortious conduct laid to the defendant does not fall within the scope of said two sections or either of them. At least an area of legitimate argument or controversy is presented

there. In this connection, see sub-sections (b) (2), (a) (3), (b) (4) (A) and (b) (4) (B) of Section 8 of the Act relating to unfair labor practices. Also the question arises whether the peaceful picketing for the purposes alleged in the complaint falls within the protection of Section 7 of the Act.

In deference to the *Garmon case,* considered by this Court as controlling, this Court feels that it is required to relinquish and dismiss the within proceedings for lack of jurisdiction.

It follows that the temporary restraining order issued herein falls for the same reason.

It is so ordered.