17860

Mary KIMBRELL, Mary Wood, Marlene Stephens, Mildred Poteat, Shirley Morgan, Dorothy Hammett, Audre Easler, Evelyn Sprouse, Ruth Vinson, Ruth Chapman, Ruby Coggins, Frances Scruggs, Edna Horton, Lucy Daniel, Annie Hagler and Agnes McAbee for themselves and other employees of Jolog Sportswear, Inc., similarly situated who appear and participate in this action, Appellants, v. JOLOG SPORTSWEAR, INC., Jonathan Logan, Inc., and International Ladies' Garment Workers' Union, Respondents.

(123 S. E. (2d) 524)

416

*Messrs. Thomas A. Evins* and *Kerr & Evins,* of Spartanburg, *for Appellants,*

*Paul S. McChesney, Jr., Esq.,* of Spartanburg, *for Respondents, Jolog Sportswear, Inc.,* and *Jonathan Logan, Inc.,*

*Messrs. Morris P. Glushien,* of New York, N. Y., *Nelson, Mullins, Grier & Scarborough,* of Columbia, and *Poliakoff & Poliakoff,* of Spartanburg, *for Respondent, International Ladies' Garment Workers' Union,*

January 4, 1962.

LEWIS, Justice.

The plaintiffs are employees of the defendant Jolog Sportswear, Inc., which, it is alleged, is a wholly owned subsidiary and agent of the defendant Jonathan Logan, Inc. They brought this action for themselves and other employees similarly situated, who might appear and participate therein, for the alleged tortious withholding by the defendants of wages due them by their employer. The defendant International Ladies' Garment Workers' Union is a labor union and it is alleged that wages due to the plaintiffs by the defendant Jolog Sportswear, Inc., were unlawfully paid over to the defendant Union which deducted and retained a portion thereof before paying the balance over to them, all as a result of a conspiracy between the defendants to deprive the plaintiffs of their wages to which they were justly entitled in violation of Sections 40-46.2 and 40-126 of the 1952 Code of Laws of South Carolina. Damages in the amount of $500,000.00, both actual and punitive, are sought.

The matter is here on appeal by the plaintiffs from an order of the lower Court sustaining a demurrer to the complaint on the ground that the Courts of South Carolina do not have jurisdiction to determine plaintiffs' claims for damages because the issues involved are exclusively within the jurisdiction of the National Labor Relations Board.

It is stipulated that the defendant Companies are engaged in interstate commerce within the meaning of the National Labor Relations Act, as amended.

At the time that the lower Court passed upon the demurrer there was pending before it a motion by the plaintiffs to amend the complaint. While the order of the lower Court did not finally grant the amendment, it was held that the complaint, even if amended as proposed, did not allege a cause of action within the jurisdiction of the State Courts. It was further stated in the order that, if the Court had jurisdiction of the cause, such amended complaint would be allowed. We will, therefore, consider the demurrer as interposed to the amended complaint and determine the issues upon the amended pleadings, since this is in effect the action taken by the lower Court.

The amended complaint purports to set forth three causes of action, but all basically allege the tortious withholding of wages due to the plaintiffs in violation of the laws of the State of South Carolina and are based upon substantially the same alleged wrongful conduct on the part of the defendants.

The material facts as alleged in the amended complaint, and admitted for the purpose of demurrer, are briefly as follows: The plaintiffs are employees of the defendant Jolog Sportswear, Inc., under a contract of employment whereby that defendant agreed to pay each of the plaintiffs, and all of its production workers, a sum equal to 2% of all wages earned by each employee during the twelve months immediately preceding each July 1st, as "vacation pay". The plaintiffs became entitled to vacation pay and the defendant employee notified the plaintiffs that such would be distributed to them through the local offices of the defendant Union. The plaintiffs went to the offices of the defendant Union and were issued checks drawn upon its account, showing a deduction made by the Union in the amount of $38.52 each, with the exception of one of the plaintiffs, who was informed

by the representatives of the defendant Union that she was not entitled to any vacation pay. None of the plaintiffs, except one, has been a member of, or affiliated with, the defendant Union, nor has any, with the exception noted, ever consented to the representation of their interests by it. It is alleged that the withholding of the wages of plaintiffs was the result of a conspiracy between the defendants to breach the contract of employment between the plaintiffs and the defendant Jolog Sportswear, Inc., and "constituted a malicious fraud upon each and every one of the employees of Jolog Sportswear, Inc. who are not members of the Internaional Ladies' Garment Workers' Union."

It is the contention of the defendants that the activities described in the complaint, if true, constitute a labor dispute and an unfair labor practice, falling within the area of activities which Congress has relegated to the jurisdiction of the National Labor Relations Board. The plaintiffs contend on the other hand that this is a common law tort action which the National Labor Relations Act did not pre-empt from State jurisdiction.

The amended complaint does not allege a labor dispute between the defendant Union and the defendant employer, or between the employees. Assuming, however, that the conduct alleged would constitute an unfair labor practice within the meaning of the National Labor Relations Act, such would not be conclusive of the issues here.

Congress in enacting the National Labor Relations Act has not excluded all State action in the field of industrial relations, *Garner v. Teamster Union,* 346 U. S. 485, 74 S. Ct. 161, 98 L. Ed. 228; but was conferred jurisdiction upon the National Labor Relations Board, to the exclusion of State action, in all cases where the activity is arguable subject to Sections 7 and 8 of the National Labor Relations Act (29 U. S. C. A. §§ 157 and 158). *San Diego Bldg. Trades Council v. Garmon,* 359 U. S. 236, 79 S. Ct. 773, 3 L. Ed. (2d) 775.

State jurisdiction, however, has not been pre-empted where the consequences of the conduct involved were of compelling State interest. *International Union United Auto Workers v. Russell,* 356 U. S. 634, 78 S. Ct. 932, 2 L. Ed. (2d) 1030; *United Construction Workers v. Laburnum Const. Corp.,* 347 U. S. 656, 74 S. Ct. 833, 98 L. Ed. 1025. The rule is stated in *San Diego Bldg. Trades Council v. Garmon, supra,* 359 U. S. 236, 79 S. Ct. 773, 3 L. Ed. (2d) 775, as follows:

"When the exercise of state power over a particular area of activity threatened interference with the clearly indicated policy of industrial relations, it has been judicially necessary to preclude the States from acting. However, due regard for the presuppositions of our embracing federal system, including the principles of diffusion of power not as a matter of doctrinaire localism but as a promoter of democracy, has required us not to find withdrawal from the States of power to regulate where the activity regulated was a merely peripheral concern of the Labor Management Relations Act. See *International Ass'n of Machinists v. Gonzales,* 356 U. S. 617, 78 S. Ct. 923, 2 L. Ed. (2d) 1018. Or where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act."

The payment of wages to employees is a matter of legitimate State concern and of compelling State interest. The State in the exercise of the police power has not only declared its concern with the nonpayment of wages to employees due to unemployment, Section 68-36 of the 1952 Code of Laws, but has recognized the danger to the peace, welfare and good order of its citizens in the willful and fraudulent failure or refusal to pay wages to the employed, Section 40-126 of the 1952 Code of Laws. By the terms of the last mentioned section of the Code, it is made a criminal offense for any employer, who has the financial ability to pay, to willfully and fraudulently fail or refuse to pay wages

due an employee after written demand therefor. Sections 40-46.2 and 40-46.10 of the 1960 Cumulative Supplement to the 1952 Code of Laws also make it a criminal offense to withhold wages of an employee against his will to be paid over as fees or dues to any organization.

The complaint is based upon an alleged criminal and tortious violation of the rights of the plaintiffs for which the State law affords a remedy for the recovery of both actual and punitive damages. Where, as here, the tortious conduct is of compelling state interest affecting the public welfare and security of its citizens, the state remedy is not excluded by the National Labor Relations Act.

The prosecution of the present action for damages causes no conflict with federal jurisdiction. The National Labor Relations Act affords no remedy to plaintiffs for the wrongs done them. *International Union United Auto Workers v. Russell, supra,* 356 U. S. 634, 78 S. Ct. 932, 2 L. Ed. (2d) 1030. Nor does the complaint seek to regulate future labor relations between the parties. It is a common law action in tort for damages allegedly sustained by reason of the unlawful failure to pay wages due to the plaintiffs. In the *Laburnum case,* state jurisdiction of a common law tort action for damages was sustained, even though the activity forming the basis for the state action constituted an unfair labor practice. State jurisdiction prevailed because there existed a compelling state interest in the maintenance of domestic peace. In that case, the United States Supreme Court, in dealing with the alleged conflict between state and federal remedies in such cases, said:

"To the extent, however, that Congress has not prescribed procedure for dealing with the consequences of tortious conduct already committed, there is no ground for concluding that existing criminal penalties or liabilities for tortious conduct have been eliminated. The care we took in the *Garner case* to demonstrate the existing conflict between state and federal administrative remedies in that case was, itself, a

recognition that if no conflict had existed, the state procedure would have survived. The primarily private nature of claims for damages under state law also distinguishes them in a measure from the public nature of the regulation of future labor relations under federal law."

And as further stated in the *Laburnum case* :

"Here Congress has neither provided nor suggested any substitute for the traditional state court procedure for collecting damages for injuries caused by tortious conduct. For us to cut off the injured respondent from this right to recovery will deprive it of its property without recourse or compensation. To do so will, in effect, grant petitioners immunity from liability for their tortious conduct. We see no substantial reason for reaching such a result."

The ultimate effect of the argument of the defendants would be to oust State Courts of all jurisdiction in matters involving the payment of wages to employees. Such, we do not believe, was the intent of Congress. If an employer wrongfully refuses to pay an employee wages due him, certainly it would not be contended that the only remedy available to the employee is an application to the National Labor Relations Board to require the payment of such wages. The fact that there is the entrance of a third party, as here, into the alleged wrongful withholding of the wages of the employee would make the state remedy no less available.

As heretofore stated, this is not an action to regulate labor relations, either directly or indirectly, but an action to recover damages for the tortious withholding of wages due to the plaintiff employees. The National Labor Relations Board cannot award damages for the wrong done and, if the National Labor Relations Act has the effect contended by defendants, then it becomes a shield for the tortious conduct alleged instead of a remedy. We do not think that state jurisdiction to determine an employee's claim for damages for the tortious withholding of his wages has been preempted by any act of Congress.

The decision of this Court in *Piedmont Shirt Company v. Amalgamated Clothing Workers of America,* 237 S. C. 13, 115 S. E. (2d) 499, cited by the lower Court, involved the exercise of injunctive powers by the State Court to restrain peaceful union activities, clearly pre-empted from state jurisdiction by the National Labor Relations Act. It is not determinative of the question here.

We have confined our consideration, as have the parties, to the basic question of whether or not the State Courts have jurisdiction to determine in any event the questions arising under the facts alleged. Demurrers have been interposed to the complaint upon other grounds with which we are not here concerned.

Reversed.

TAYLOR, C. J., and OXNER, LEGGE and MOSS, JJ., concur.