18028

IVA MANUFACTURING COMPANY, Inc., Respondent, v. INTER-
NATIONAL LADIES' GARMENT WORKERS' UNION, AFL-
CIO, LOCAL NO. 25, Appellant.

(129 S. E. (2d) 521)

*Messrs. Robert Cohn,* of Atlanta, Ga., and *Richard J. Foster,* of Greenville, *for Appellant,*

*Messrs. Ellison D. Smith, Jr.,* and *Thomas Kemmerlin, Jr.,* of Columbia, and *Francis Fant,* of Anderson, *for Respondent,*

February 12, 1963.

TAYLOR, Chief Justice.

This appeal is from an Order of the Honorable James B. Pruitt granting a permanent injunction restraining Appellant, its agents and representatives, from picketing Respondent's plant site in Anderson County.

The Respondent, a South Carolina corporation, is engaged in the manufacture of ladies' garments as a contractor for Judy Bond, Inc., a producer of ladies' blouses which utilizes numerous contractors throughout the United States to manufacture these blouses. Appellant, an unincorporated labor organization, has its offices in New York City and represents employees in the blouse industry in the New York area. Appellant had a collective bargaining agreement with Judy Bond, Inc., which expired December 31, 1961, and was not renewed. At that time Judy Bond, Inc., closed its New York warehouse and shipping operations and commenced manufacturing operations at two plants of its own in the State of Alabama. Judy Bond maintains in the New York area its office, sales room and sample department and is being picketed by Appellant in that area. Respondent contends that this picketing is for the purpose of forcing Judy Bond to lessen or close its Alabama operations and return those operations to New York. Appellant states this picketing is for the purpose of protesting unfair labor practices by Judy Bond.

As a part of its dispute with Judy Bond, Appellant requested various contractors to cease performing their contracts with Judy Bond. Respondent refused and thereupon Appellant began picketing Respondent's plant site. The picketing at all times has been peaceful, orderly and without violence or threats of violence.

Respondent contends that the object of Appellant's picketing its plant is to force Iva Manufacturing Co. to breach its contracts with Judy Bond, Inc., thereby putting Judy Bond under pressure to reopen its New York manufacturing plant; that the picketing is for an unlawful object under the law of this State in that it seeks to procure the breach of valid contracts and interfere with the advantageous relationship which Respondent enjoys with its employees; that Respondent's employees are unorganized and that Respondent has never had a dispute with Appellant; that the unlawful and illegal picketing has brought about irreparable injury to the Respondent and will continue to do so unless enjoined; that Respondent has no adequate remedy at law.

There can be little doubt that under the common law of this State, the alleged conduct of the Appellant is tortious in character which could properly be remedied by injunction. Appellant, however, contends that the Courts of this State do not have jurisdiction as the subject matter of this cause has been pre-empted by the Acts of Congress and the National Labor Relations Act.

Many cases have been decided by both Federal and State Courts adjudicating the question whether under a particular factual situation the jurisdiction of a State Court has been pre-empted by the National Labor Relations Act.

This Court in *Piedmont Shirt Company v. Amalgamated Clothing Workers of America, AFL-CIO,* 237 S. C. 13, 115 S. E. (2d) 499, summarizing the effect of one of the leading cases in this area, *San Diego Building Trades Council, etc., v. Garmon* (1959), 359 U. S. 236, 79 S. Ct. 773, 3 L. Ed. (2d) 775, states the following:

"There it was declared, in the absence of violence or intimidation, that where the conduct complained of and sought to be regulated in the State Court arguably falls within the compass of Sections 7 and 8 of said Act, 29 U. S. C. A., §§ 157, 158, relating to protected activities and certain prohibited unfair labor practices, the State Court, before

taking hold, must stand aside and yield jurisdiction to the National Labor Relations Board for determination of that primary question."

In instant case there has been no violence or threats of violence and Respondent's business with Judy Bond, Inc., falls within the classification of interstate commerce. Therefore, the only question before this Court is whether or not the activity of the Appellant complained of arguably falls within Sections 7 and 8 of the Act.

Consideration of the above Sections of the Act in the light of the facts of this case convinces us that the alleged conduct of the Appellant arguably falls within the scope of the said two Sections or either of them as Section 7 of the Act applies if the picketing is protected and Section 8 is applicable if unfair labor practice is involved.

For the foregoing reasons, the Order of the lower Court is reversed and the proceedings dismissed for lack of jurisdiction; and it is so ordered. Reversed.

Moss, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.