23183

BAKER HOSPITAL, Respondent v. Joan B. ISAAC, The Guardian Life Insurance Company of America and Garden Art Landscaping, Inc. of Mt. Pleasant, Defendants, Of Whom The Guardian Life Insurance Company of America is, Appellant. Appeal of GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.

(391 S.E. (2d) 549

Supreme Court

*Harvey Brockinton, Jr.,* of *Brockinton, Brockinton & Kerry,* Charleston, *for appellant.*

*Lawrence A. Laddaga,* Charleston, *for respondent.*

Heard Feb. 20, 1990.

Decided March 19, 1990.

TOAL, Justice:

This appeal involves whether the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* pre-empts certain state common law causes of action, and, if so, whether the plaintiff may replead his case under the provisions of ERISA.

## FACTS

Joan Isaac was treated for cocaine addiction at Baker Hospital (Hospital), incurring medical expenses of over $6,000.00 According to the Complaint, Isaac allegedly represented to the Hospital that she was entitled to insurance benefits through her employer, Garden Art Landscaping, and its insurance carrier, The Guardian Life Insurance Company of America (Guardian). It is further alleged that, pursuant to Isaac's representations, an agent of the Hospital phoned Guardian and was informed by them that a policy was in effect regarding Isaac, and treatment therefore was rendered.

When the Hospital was not paid for these services, it sued Isaac, her employer, and Guardian in Circuit Court, asserting state common law causes of action for breach of contract, promissory estoppel, negligence, and misrepresentation. The Hospital sought punitive damages under the misrepresentation claim.

On the eve of trial, Guardian made a Rule 12(b) motion to dismiss for lack of subject matter jurisdiction, claiming that ERISA pre-empted the Hospital's common law causes of action. The trial court denied the motion to dismiss, and Guardian now appeals. We reverse.

## LAW/ANALYSIS

As stated by the Supreme Court in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S. Ct. 1549, 1551, 95 L. Ed. (2d) 39 (1987), "ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death." (citation omitted) The Court in Dedeaux then summarized the effect of the pre-emption portions of ERISA, stating that if a state law "relates" to "employee benefits plans," it is pre-empted. *Id.* at 45, 107 S. Ct. at 1552. It is clear, therefore, that the pre-emptive effect of ERISA is a broad one. Indeed, the *Dedeaux* court termed the pre-emption provisions of ERISA "deliberately expansive." *Id.* at 46, 107 S. Ct. at 1552.

The *Dedeaux* Court held a bad faith failure to pay benefits claim to be pre-empted. Id. It further held a breach of contract claim to be pre-empted. Id. A common law claim for misrepresentation has been held pre-empted by ERISA. *See Kuntz v. Reese*, 760 F. (2d) 926 (9th Cir. 1985) *opinion withdrawn and decision vacated on other grounds*, 785 F. (2d) 1410 (9th Cir. 1986). So, too, has a common law negligence claim. *Board of Trustees v. Continental Assurance Co.*, 690 F. Supp. 792 (W.D. Ark. 1988).

Having determined that the instant common law claims are pre-empted, we turn our attention next to the disposition of the case before us. In this regard, we follow the well-reasoned view of the Court of Appeals of Michigan in *Providence Hospital v. National Labor Union Health & Welfare Fund*, 162 Mich. App. 191, 412 N.W. (2d) 690 (1987). In *Providence Hospital*, the court held that a breach of contract claim was pre-empted by the provisions of ERISA. It was the case there, as here, that the defendant raised the pre-emption argument belatedly. The *Providence Hospital* Court properly noted that the pre-emption contention was one involving subject matter jurisdiction and stated, "[w]e find that under the proper interpretation of ERISA the court, on the pleadings filed by plaintiff, lacked jurisdiction over the subject matter and accordingly the defendant raised the question in a timely fashion . . ." 412 N.W. (2d) at 694. We therefore reject as meritless any

assertion by the plaintiff of waiver or untimeliness regarding the defendant's raising of the pre-emption argument.

That issue aside, we further follow the *Providence*  *Hospital* Court in remanding this case for a determination of the plaintiff's underlying claims under the provisions of ERISA. ERISA vests state and federal courts with concurrent subject matter jurisdiction of certain civil actions brought by participants or beneficiaries against an employee benefit plan. 29 U.S.C. 1132(3)(1). The plaintiff should thus be allowed to replead his underlying claim under the appropriate ERISA provisions.

Accordingly, the judgment of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.