23446

Edward C. NICHOLS, Petitioner v. AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, AFL-CIO, CLC, Respondents.
(408 S.E. (2d) 237)

Supreme Court

*Louis L. Lesesne, Jr.*, Charlotte, N.C., *for petitioner.*

*Jonathan Harkavy*, Raleigh, N.C., and *E.N. Zeigler*, Florence, *for respondents.*

Heard June 14, 1991.

Decided Aug. 5, 1991.

TOAL, Justice:

This case comes before the Court on a writ of certiorari to the Court of Appeals. The action was brought under S.C. Code § 41-10-10 *et seq.* by an elected manager of a local labor union who seeks to compel the payment of his salary by the parent national labor union. The Circuit Court held and the Court of Appeals affirmed that this action is preempted by the NLRA. We reverse and remand for trial.

## STATEMENT OF FACTS

The ACTWU is a national labor organization. The Catawba Valley Joint Board is a subsidiary labor organization comprised of three local unions which are affiliated with ACTWU. On August 2, 1986, the plaintiff, Nichols, was elected as the manager of the local joint board. His opponent in the election was the admittedly preferred candidate of the ACTWU. The ACTWU has refused to hire or recognize Nichols as an employee or to pay him any compensation.

Nichols filed a charge with the NLRB claiming that ACTWU was in violation of the NLRA by virtue of its retaliatory refusal to hire him. The charge alleged that the ACTWU was retaliating against him for having run in opposition to their preferred candidate. Nichols ceased his pursuit of this charge on the advice of his attorney that he would not be able to gain relief through the NLRB. As an alternate means of recovery, Nichols instituted this action for wages under South Carolina Code § 41-10-10, *et seq.*, claiming that he should be considered an employee of ACTWU by virtue of ACTWU's constitution and its past practice of treating local union managers as employees, and that he was thereby entitled to wages.

Nichols filed his complaint in this action on February 27, 1987. ACTWU had the case removed to federal court. The federal court ruled that the case did not fall within the bounds of § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) because Nichols' claim "hinges exclusively on an interpretation of the ACTWU constitution" and because the United States Supreme Court has expressly reserved ruling and thereby avoided holding that § 301 covers suits by union members on the union constitution against the union organization. *See, United Ass'n of Journeymen v. Local 334*, 452 U.S. 615, 627, 101 S. Ct. 2546, 2553, n. 16, 69 L. Ed. (2d) 280. The Federal Court remanded the case back to the circuit court on May 23, 1988.

On remand to state court, ACTWU moved for summary judgment on the grounds that Nichols' claims were preempted and legally insufficient. The circuit court held that the suit was preempted by the NLRA, and granted summary judgment to ACTWU. Nichols appealed the circuit court decision to the Court of Appeals, which affirmed on the ground that, "Nichols' claim of retaliatory refusal to hire or pay, if proven, is arguably the kind of unfair labor practice subject to the exclusive jurisdiction of the National Labor Relations Board." Nichols seeks review by this court on a writ of certiorari.

## LAW/ANALYSIS

In the case at bar, for Nichols to succeed in his cause of action for payment of wages, he must overcome the threshold issue of whether he is in fact an employee of ACTWU so as to be entitled to wages. This Court has previously decided in *Kimbrell v. Jolog Sportswear, Inc.*, 239 S.C. 415, 123 S.E. (2d) 524 (1962); that an action for wages under this state's statutory law is not preempted by the NLRA. The question that remains for our consideration here is whether the NLRA preempts the state court's consideration of whether Nichols is an employee of ACTWU by virtue of its past practices and its constitution.

Sections 7 and 8 of the NLRA explain the employee activities which are protected by the act and the employer conduct which is prohibited by the act. Section 7 provides,

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

Section 8 defines the activities of employers and labor organizations which are considered to be unfair labor practices. The failure to pay wages is not listed among these activities. However, discrimination in regard to hiring is specifically defined as an unfair labor practice prohibited under the NLRA.

The United States Supreme Court has had occasion in several cases to develop an analysis for determining whether a state cause of action is preempted by the NLRA. In the watershed case of *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S. Ct. 773, 3 L. Ed. (2d) 775 (1959), the Supreme Court established the doctrine that "state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the act." *Belknap, Inc. v. Hale*, 463 U.S. 491, 498, 103 S. Ct. 3172, 3177, 77 L. Ed. (2d) 798, 807 (1983) (citing *Garmon*).

However, the *Garmon* doctrine also provided that the state regulation or cause of action may be sustained if the behavior to be regulated is behavior that is of "merely peripheral concern" to the federal law or "touches interests so deeply rooted in local feeling and responsibility" that the courts should not assume that Congress intended to preempt the application of state law. *Garmon*, 359 U.S. at 245, 79 S. Ct. at 779; *Belknap*, 463 U.S. at 498, 103 S. Ct. at 3177. "In such cases, the State's interest in controlling or remedying the effects of the conduct is balanced against both the interference with the National Labor Relations Board's ability to adjudicate controversies committed to it by the Act, and the risk that the State will sanction conduct that the Act protects." *Belknap* at 498, 103 S. Ct. at 3177.

*Belknap* involved a contract dispute between an employer and the replacement employees which were hired to replace striking workers. The replacement employees claimed that the employer breached his contract with them by dismissing the replacement workers and reinstating the striking workers upon resolution of the dispute between the employer and the striking workers.

In *Belknap*, the Supreme Court considered both preemption doctrines[1] and concluded that, "the interests of the Board and the NLRA, on the one hand, and the interest of the State in providing a remedy to its citizens for breach of contract, on the other, are "discrete" concerns." *Belknap* at 512, 103 S. Ct. at 3184. The *Belknap* opinion further stated, "we see no basis for holding that permitting the contract cause of action will conflict with the rights of either the strikers or the employer or would frustrate any policy of the federal labor laws." *Ibid.*

In the United States Supreme Court case of *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 91 S. Ct. 1909, 29 L. Ed. (2d) 473 (1971), the Supreme Court explained that the NLRA does not preempt lawsuits "focused on purely internal union matters." *Id.* at 296, 91 S. Ct. at 1922. The Court referred to the case of *International Association of Machinists v. Gonzales*, 356 U.S. 617, 78 S. Ct. 923, 2 L. Ed. (2d) 1018 (1958); and explained that the NLRA did not preempt the state cause of action there because, "To assess the legality of his union's conduct toward Gonzales the California courts needed only to focus upon the union's constitution and by-laws." *Lockridge*, 403 U.S. at 296, 91 S. Ct. at 1923. Similarly, we find that in the case at bar, the circuit court need only to focus upon ACTWU's constitution, by-laws, and prior practices. In fact, we specifically instruct that the circuit court should not consider any alleged retaliatory motivation on the

---

[1] A second preemption doctrine was set out in *Machinists v. Wisconsin Employment Relations Comm'n.*, 427 U.S. 132, 96 S. Ct. 2548, 49 L. Ed. (2d) 396 (1976), which "proscribed state regulation and state-law causes of action concerning conduct that Congress intended to be unregulated," including "conduct that has to remain a part of the self-help remedies left to the combatants in labor disputes." *Belknap*, 463 U.S. at 499, 103 S. Ct. at 3177. We do not address this second preemption doctrine here as it has no applicability to the facts at bar. There is no contention, nor any support for such a contention, that the federal law intended to leave unregulated the conduct of employers failing to compensate their employees.

part of the union nor any other conduct of the union outside of a breach of contract analysis as was allowed in *Belknap* and *Gonzales.*

We hold that Nichols' claim that he is an employee is a discrete concern from any claim that the union refused to hire him on a retaliatory ground. Nichols should be allowed to pursue his action under S.C. Code § 41-10-10 for payment of wages and any issue as to his status as an employee is not preempted by the NLRA because this matter is a mere peripheral concern of the NLRA and touches interests deeply rooted in local feeling and responsibility. We hold that the issue of employment status is vital to all causes of action under S.C. Code § 41-10-10 *et seq.* and that Congress did not intend to preempt the application of this state law.

We hold that the State's interest in compelling employers to pay wages to their employees outweighs any interference with the NLRA or risk of sanctions being imposed upon conduct protected by the Act which could result from the State being allowed to adjudge whether or not a claimant under § 41-10-10 *et seq.* is an employee of the party for whom wages are claimed.

ACTWU offers several other grounds to support their motion for summary judgment. However, those grounds were not offered or considered at the hearing on the motion, in the order granting the motion, or even in the motion itself. They were introduced for the first time as additional sustaining grounds submitted pursuant to Nichols' intent to appeal. Since an additional sustaining ground must be argued below to be available for consideration on appeal, these grounds need not be considered and the summary judgment may be reversed on the sole ground of NLRB preemption.

Nichols' complaint filed in state court does not assert a claim of retaliation, but merely relies on an interpretation of ACTWU's constitution and past practices. In fact, the essence of his complaint is a claim for wage payment and any determination of his status as an employee is an issue which is deeply rooted in local interest and not preempted by the NLRA. Therefore, we hold that the state court has jurisdiction over this claim and a trial is proper on the issue of failure to pay wages without consideration of any allegations of a retaliatory refusal to hire. For these reasons, we

REVERSE and REMAND for a trial in accordance with these instructions.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.