518 S.E.2d 583

**Michael O. LEWIS, As Personal Representative of the Estate of N.G. Lewis, Deceased, Petitioner,**

**v.**

**LOCAL 382, INTERNATIONAL BROTHERHOOD OF ELEC-TRICAL WORKERS (AFL-CIO), Davis Self, Larry Poole, Jerome Jenkins, Doris M. Jones, Bill Davis, John C. Davis and Ronald Goodale, Defendants,**

**Of Whom Local 382, International Brotherhood of Electrical Workers (AFL-CIO) is, Respondent.**

No. 24965.

Supreme Court of South Carolina.

Heard Dec. 15, 1998.

Decided July 12, 1999.

Rehearing Denied Aug. 17, 1999.

---

Henry Hammer and Howard Hammer, of Hammer, Hammer, Carrigg & Potterfield, of Columbia, and Scott Elliott, of Elliott and Elliott, of Columbia, for petitioner.

Herbert Buhl, III, of Columbia, and Terry R. Yellig, of Sherman, Dunn, Cohen, Leifer, & Yellig, of Washington, D.C., for respondent.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' opinion in *Lewis v. Local 382, Int'l Brotherhood of Electrical Workers,* 324 S.C. 412, 481 S.E.2d 135 (Ct.App.1997). We affirm in result.

## FACTS [1]

Lewis, an electrician,[2] was a member of the International Brotherhood of Electrical Workers (IBEW), Local # 382, for approximately 30 years. In 1987, his membership in the union lapsed when he continued to work for an employer which had been declared "in difficulty" by the IBEW.[3] In February, 1988, the IBEW informed Lewis he was ineligible to receive retirement benefits from the IBEW Pension Benefit Fund because he was no longer a member in good standing.[4] Lewis

1. The reader is directed to the Court of Appeals' opinion for a more complete recitation of the facts.

2. Lewis died in 1990; his son Michael has been substituted as plaintiff.

3. IBEW's *Constitution* prohibits members from "[w]orking for any ... company declared in difficulty" with the union. Art. VII, § 11.

4. Article XII, Section 1(a)(1) of Union's constitution provides for pension benefits to "A" members of the IBEW who are in "continuous

brought this action seeking damages for violation of the South Carolina Right-to-Work Act, S.C.Code Ann. §§ 41-7-10 through -90 (Rev.1986 & Supp.1997).[5] The jury returned a verdict in favor of Lewis against the union and awarded $82,560.00 in actual damages and $25,000 in punitive damages. In a well reasoned opinion, Judge Anderson, writing for a majority of the Court of Appeals, held Lewis' claims were preempted by federal law. We agree and, accordingly, affirm in result.[6]

## ISSUES

1. Is the federal court's order remanding to state court, preclusive on the preemption issue?

2. Is Lewis' claim preempted under 28 U.S.C. § 185 of the Labor Management Relations Act (LMRA)?

3. Should the Court of Appeals have addressed Lewis' claim under the South Carolina Right-To-Work Act?

4. Is Lewis' claim preempted under § 514(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a)?

## 1. PRECLUSION

■ We concur in the Court of Appeals' holding that the federal court's order remanding to state court is not preclusive on the issue of preemption.[7]

As noted by the Court of Appeals, the Fourth Circuit has specifically held a district court's findings incident to an order

---

good standing with twenty (20) or more years immediately preceding his application, who has attained the age of sixty-five (65) years."

**5.** He also filed a claim for outrage; the jury returned a verdict for the defendants on this claim.

**6.** Except as otherwise noted herein, we agree with and adopt the reasoning set forth in the Court of Appeals' opinion. Readers are referred to that opinion for a more detailed and thorough discussion of the issues.

**7.** Lewis initially filed this action in state court, and the matter was removed to federal court by the IBEW. In response to Lewis' motion, the district court remanded to state court, finding removal had been improvident.

of remand have no preclusive effect. *Nutter v. Monongahela*, 4 F.3d 319 (4th Cir.1993) (district court's holding that ERISA and LMRA did not preempt plaintiff's state-law claims did not prevent defendant from raising preemption as a defense in state court).[8] Accordingly, the Court of Appeals properly held the federal court's remand order was not preclusive. *Accord Nichols v. Amalgamated Clothing*, 305 S.C. 323, 408 S.E.2d 237 (1991) (addressing merits of preemption issue after remand from federal court).

## 2. PREEMPTION UNDER LMRA

If a state-law cause of action does not exist independently of a labor contract, it is pre-empted by Section 301 of the Labor Management Relations Act (LMRA). *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *Nash v. AT & T Nassau Metals*, 298 S.C. 428, 381 S.E.2d 206 (1989); *Butts v. AVX Corp.*, 292 S.C. 256, 355 S.E.2d 876 (Ct.App.1987). In *Nash v. AT & T Nassau Metals*, 298 S.C. 428, 381 S.E.2d 206, 208 (1989), we stated:

This test is one of whether the state claim exists independently of the collective bargaining agreement or whether it is "inextricably intertwined" with a consideration of the terms of the agreement. If the state claim does not exist independently of the agreement, it is preempted by federal law.

The Court of Appeals found Lewis' claim was substantially dependent upon an analysis of the IBEW constitution because interpretation of the constitution was essential to a determination of whether Lewis had any property rights in the pension benefit fund. We agree.

8. The rationale for holding a district court's remand order has no preclusive effect on the issue of preemption is that such remand orders are not subject to appellate review under 28 U.S.C. § 1447(d). Since *Nutter*, the United States Supreme Court decided *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) in which it held a remand order which is not based upon either subject matter jurisdiction or defects in the removal procedure (i.e., pursuant to § 1447(d)), is subject to appellate review such that it may be given preclusive effect. (*Quackenbush* involved a remand based on abstention principles). Here, it is impossible to determine for certain the basis of the federal court's remand order as it merely states removal was improvident. Accordingly, we decline to give it preclusive effect.

Lewis' tort claim intrinsically relates to the nature of the IBEW constitution. His complaint states that the IBEW, "in violation of the Right–To–Work Act, attempted to interfere with [Lewis'] exercise of his Right–To–Work and did, thereby cause him to lose his pension benefits," and that as a result Lewis "has suffered the loss of his pension benefits." It is impossible to ascertain, without reference to IBEW's constitution, whether the union acted properly in denying Lewis his pension benefits. Accordingly, we concur with the Court of Appeals' analysis that resolution of the case was "substantially dependent" upon the union's constitution so as to be preempted under the LMRA.[9]

Finally, Lewis relies on this Court's opinion in *Layne v. Int'l Brotherhood of Elec. Workers,* 271 S.C. 346, 247 S.E.2d 346 (1978), in which we held, under similar facts, the plaintiff's state law claim under the Right–To–Work Act was not preempted by the Labor–Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. s 411 et seq. *Layne* dealt with Section 413 of the LMRDA which specifically states, "Nothing contained in this subchapter (29 U.S.C. §§ 411– 415) shall limit the rights and remedies of any member of a labor organization under any State or Federal law or

---

9. We agree with the Court of Appeals that our holding in *Nichols v. Amalgamated Clothing and Textile Workers Union, AFL—CIO, CLC,* 305 S.C. 323, 408 S.E.2d 237 (1991) is not controlling. The United States Supreme Court, in *Wooddell v. International Brotherhood of Elec. Workers Local 71,* 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991), extended the preemption provision of the LMRA to union constitutions. *Nichols* specifically held the employee's complaint was not preempted because the circuit court needed only to focus upon ACTWU's constitution, by-laws, and prior practices. Accordingly, to the extent *Nichols* conflicts with *Wooddell,* it is overruled.

We likewise agree with the Court of Appeals' analysis regarding this Court's opinion in *Kimbrell v. Jolog Sportswear, Inc.,* 239 S.C. 415, 123 S.E.2d 524 (1962), in which we held an action for wages under this state's statutory law was not preempted by the NLRA. In *Kimbrell,* there was no conflict with federal jurisdiction and the National Labor Relations Act afforded no remedy to plaintiffs for the wrongs done them. Here, there is a conflict with federal jurisdiction, inasmuch as the Court would be required to interpret the union's constitution. Moreover, in the present case, counsel for the IBEW advised the Court at oral argument that Lewis may file a claim for unfair labor practices with the National Labor Relations Board, or may have a claim for unfair labor practices under section 301 of the LMRA. Accordingly, unlike the plaintiff in *Kimbrell,* Lewis is not without a remedy.

before any court or other tribunal, or under the constitution and bylaws of any labor organization." However, Section 413 of the LMRDA limits its application to that subchapter of the LMRDA.[10] Section 413 of the LMRDA does not apply to Section 301 of the LMRA. To hold otherwise would completely eviscerate the preemption provisions of Section 301 of the LMRA.[11]

### 3. PREEMPTION UNDER ERISA

■ Finally, a majority of the Court of Appeals held Lewis' claim was preempted by Section 514(a) of ERISA as his claim for damages "related to" an employee benefit plan within the scope of ERISA's preemption clause.[12] It held the resolution of Lewis' claim directly affected the pension fund as it "potentially alters the criteria for receipt of benefits." 481 S.E.2d at 142. We agree.

■ Any and all State laws insofar as they relate to employee benefit plans are preempted by ERISA. 29 U.S.C. § 1144(a); *Duncan v. Provident Mut. Life Ins. Co. of Philadelphia,* 310 S.C. 465, 427 S.E.2d 657 (1993). This Court has recognized that the pre-emptive effect of ERISA is a broad one. *Baker Hosp. v. Isaac,* 301 S.C. 248, 391 S.E.2d 549 (1990). A state law "relates to" an ERISA-governed employee benefit plan, "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Further, a state law "relates to" an ERISA plan if the rights or restrictions it creates are predicated on the existence of such a plan. *Inger-*

---

10. The subchapter of the LMRDA in question, § 411(a)(5) deals with due process measures a union member must be afforded prior to being disciplined. As we read Section 413, it was intended to permit union members the procedural due process afforded by state law if it was greater than that permitted by Section 411.

11. Moreover, the issue of Section 301 preemption was not raised in *Layne.* This Court will not generally raise issues *sua sponte. Smith v. Phillips,* 318 S.C. 453, 458 S.E.2d 427 (1995) (but for very few exceptional circumstances, appellate court will not *sua sponte* raise issues).

12. There is no dispute but that Lewis' pension plan is an "employee benefit plan" within the meaning of ERISA, 29 U.S.C. §§ 1002(2)(A)(I) & 1002(3).

*soll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). However, those state actions which affect employee benefit plans in "too tenuous, remote or peripheral a manner" do not relate to the plan. *Shaw v. Delta Air Lines, supra.*

■ A state rule of law may be preempted even though it has no direct nexus with ERISA plans if its effect is to dictate or restrict the choices of ERISA plans with regard to their benefits, structure, reporting and administration, or if allowing states to have such rules would impair the ability of a plan to function simultaneously in a number of states. *Keystone Chapter, Assoc. Builders v. Foley,* 37 F.3d 945, 955 (3d Cir.1994), *cert. denied,* 514 U.S. 1032, 115 S.Ct. 1393, 131 L.Ed.2d 244 (1995).

Here, it is inescapable that Lewis' claim is predicated upon the existence of IBEW's plan, i.e., is premised on the notion that the union's violation of the Right–To–Work Act resulted in the loss of his pension. Accordingly, we affirm the Court of Appeals' ruling.

In dissent, Judge Cureton points to a recent United States Supreme Court opinion narrowing the scope of ERISA pre-emption. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655–657, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995). In *Travelers,* the Court noted the "starting presumption that Congress does not intend to supplant state law," 514 U.S. at 654, 115 S.Ct. at 1676, stating if "relate to" were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course, for "really, universally, relations stop nowhere." The *Travelers* court acknowledged, however, that "a state law might produce such acute, albeit indirect, economic effects, by intent or otherwise, as to force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers, and that such a state law might indeed be pre-empted under § 514." 514 U.S. at 668, 115 S.Ct. at 1683. Even under the more narrow view of *Travelers,* allowing Lewis' claim in this case would essentially render the union liable for the benefits, notwithstanding its constitutional provisions to the effect that only members in good standing are entitled to benefits. As

such, it would, by indirect means, force the union to adopt a certain scheme of substantive coverage contrary to its constitutional provisions. Such a holding is contrary to *Travelers*.

Finally, the dissent cites several cases for the proposition that ERISA does not preempt state claims where employees merely seek lost pension benefits as a measure of damages. *See Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116 (4th Cir. 1989); *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752 (10th Cir.1991); *Howard v. Indiana Michigan Power Co.*, 812 F.Supp. 135 (S.D.Ind.1992); *Schlenz v. United Airlines, Inc.*, 678 F.Supp. 230 (N.D.Cal. 1988). We are unpersuaded by this authority. The dissent directly cites *Pizlo* for the following proposition:

> The claims here would not submit [the employer] to "conflicting employer obligations and variable standards of recovery", "determine whether any benefits are paid" nor "directly affect the administration of benefits under the plan." The claims do not bring into question whether Plaintiffs are eligible for plan benefits, but whether they were wrongfully terminated from employment after an alleged oral contract of employment for a term.

324 S.C. at 436, 481 S.E.2d at 147. Here, Lewis' claim would subject the IBEW to conflicting obligations (i.e., it is liable under state law for the pension, but it is not liable under its constitution for the pension), and would bring into question whether or not Lewis was eligible for plan benefits. Accordingly, we do not find *Pizlo* dispositive. Further, the other case directly quoted by Judge Cureton, *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752 (10th Cir.1991), did not involve beneficiaries of an ERISA plan. Moreover, *Hospice* is contrary to this Court's recent opinion in *Baker Hospital v. Isaac*, 301 S.C. 248, 391 S.E.2d 549 (1990) (holding ERISA preempted a hospital's contract, promissory estoppel, negligence, and misrepresentation claims).

## 4. RIGHT–TO–WORK ACT

The Court of Appeals held Lewis had failed to state a cause of action as the conduct he complained of did not constitute a violation of the Right–To–Work Act. Given its holding that

Lewis' claim was preempted, it was unnecessary for the Court of Appeals to address this issue. Accordingly, we vacate the portion of the Court of Appeals' opinion holding Lewis failed to state a claim under the Right–To–Work Act.

## CONCLUSION

We concur with the majority opinion of the Court of Appeals that Lewis' claims are preempted by both the LMRA and ERISA, since he is essentially seeking to recover his pension benefits, albeit under the guise of a Right–To–Work claim. Accordingly, we affirm, in result. However, to the extent the Court of Appeals addressed the viability of Lewis' state law claim, its opinion is vacated.

**AFFIRMED IN RESULT.**[13]

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.

---

13. We also granted certiorari to review the Court of Appeals' unpublished opinion in this matter, Op. No. 96–UP–335 (S.C.Ct.App. filed October 15, 1996), concerning Lewis' entitlement to attorneys' fees. In light of our holding in this case, we affirm the Court of Appeals' dismissal of that appeal as moot.